STATE OF NORTH CAROLINA v. PATRICK J. WALSH, GARY L. PETERSON AND RUTH ANN QUINN

No. 7312SC264

(Filed 19 September 1973)

1. **Searches and Seizures § 3— search warrant — description of premises — wrong address**

Although the address listed in the search warrant differed from the address of the house actually searched and there was an identical house, except for the color of the trim, some 50 feet away on the same

State v. Walsh

street as the house that was searched, the warrant described the premises to be searched with reasonable certainty where they were described as "A white stucco house with white column, with concrete white front porch, with white frame roof with red brick fence in front of house," particularly since the warrant was issued upon the affidavit of the executing officer who had been to the premises and had prior knowledge as to the place intended in the warrant.

2. **Criminal Law § 99— no expression of opinion by court**

In this prosecution for possession of LSD, the trial court did not favor the State in his discretionary rulings or otherwise aid the State in the prosecution of the case by remarks during the trial.

3. **Narcotics § 3— possession of narcotics — testimony that bottle exploded — harmless error**

In this prosecution for possession of LSD and marijuana, defendants were not prejudiced by the erroneous admission of testimony that a bottle exploded two days after it was seized from defendants' residence.

4. **Narcotics § 3— weighing marijuana in jury's presence**

In a prosecution for possession of marijuana with intent to distribute, the trial court did not err in permitting a State's witness to weigh a bag containing marijuana on a set of scales in the presence of the jury.

5. **Criminal Law § 64; Narcotics § 3— under influence of drugs — opinion by lay witness**

In a prosecution for possession of LSD and marijuana, the trial court properly allowed an officer to give opinion testimony that one defendant was under the influence of marijuana at the time narcotics were seized from defendants' residence.

6. **Criminal Law § 85— defendant's reputation in military community — admission for impeachment**

Where defendant testified in his own behalf in a prosecution for possession of narcotics, the trial court properly allowed defendant's army supervisor to testify that defendant's reputation in the military community was not good for the purpose of impeaching defendant's testimony.

7. **Narcotics § 4.5— instructions on possession — knowledge and control**

In a prosecution for possession of narcotics wherein defendants contended narcotics found in their residence belonged to another and were there without their consent, the trial court did not err in failing to charge that consent is a necessary element of criminal possession of narcotics where the court properly charged that possession of a substance exists if one has knowledge and power to control the substance, and that the discovery of narcotics on premises under the control of the accused raises an inference of knowledge and possession.

APPEAL by defendants from *Clark, Judge,* 23 October 1972 Session of Superior Court held in CUMBERLAND County. Argu-

ment on appeal in this case was continued to the week of 21 August 1973 because of illness of counsel for one of the defendants.

Defendants Patrick J. Walsh (Walsh) and Gary L. Peterson (Peterson) were charged in separate bills of indictment with the felony of possession of LSD, and possession of marijuana with intent to distribute. Defendant Ruth Ann Quinn was charged in a bill of indictment with the felony of possession of marijuana with intent to distribute.

Evidence presented by the State tended to show that on 9 June 1972, Detective Samuel White of the Fayetteville Police Department received information from a confidential informant regarding illegal possession of marijuana in a house on Pamalee Drive in Fayetteville, North Carolina. Detective White, accompanied by the informant and Officers Davis and Nichols of the Inter-Agency Bureau of Narcotics and Dangerous Drugs, drove to Pamalee Drive, where the informant pointed out the house in question. A second trip was later made by the officers to ascertain the street address and an adequate description of the house for search warrant purposes. Relying upon the informant as he had done in the past, and coupling this information with his own observations, Detective White procured a search warrant for the house on 1455 Pamalee Drive, Fayetteville, North Carolina, described as follows: "A white stucco house with white column, with concrete white front porch, with white frame roof with red brick fence in front of house."

Armed with the search warrant, Detective White and Officers Davis, Nichols, and Engleke, returned to the house pointed out by the informant. The officers went to the rear of the house, knocked, identified themselves as officers armed with a warrant, and forced their way into the dwelling. The three defendants and others in the kitchen at the time the officers entered, fled into the front room where other individuals were gathered. Detective White, pursuing the defendants, entered the front room and placed all individuals under arrest. Upon entering the front room, White noted the presence of eleven bags of green vegetable matter (later stipulated to be marijuana) under a coffee table. A further search produced a plastic bag containing six yellow pills with black dots on them (later stipulated to be LSD) from the freezer compartment of the refrigerator. Miscellaneous items of personal property belonging to defendants Peterson and Walsh were found in the house.

Defendants' evidence tended to show that defendants Peterson and Walsh lived at 1463 Pamalee Drive; that defendant Ruth Ann Quinn testified that she was not well acquainted with defendants Peterson and Walsh before the night of the raid; that defendant Quinn did not own nor know of the presence of the marijuana seized as evidence; that defendant Walsh knew of the presence of the drugs in the house, but that they were in the possession of and belonged to one Gary Adams, an AWOL who was staying in the house at the time of the raid.

Defendants were found guilty as charged.

*Attorney General Morgan, by Assistant Attorney General Ricks, for the State.*

*Donald W. Grimes, Assistant Public Defender, Twelfth District, for defendants Patrick J. Walsh and Gary L. Peterson.*

*Carl A. Barrington, Jr., for defendant Ruth Ann Quinn.*

BROCK, Chief Judge.

[1] Defendants' first assignment of error is that the search warrant was fatally defective, and that evidence seized thereunder should be suppressed.

G.S. 15-26 sets forth the required contents of a search warrant. G.S. 15-26(a) states: "The search warrant must describe with reasonable certainty the person, premises, or other place to be searched and the contraband, instrumentality, or evidence for which the search is to be made."

Defendants place great emphasis upon the fact that the address of the house described in the warrant differs from the address of the house actually searched, and that the house searched has a different color trim from an otherwise identical house fifty feet away on Pamalee Drive. Defendants are requiring exactness in the description of the premises, whereas the statute only requires a description with *reasonable certainty.*

"In determining whether a search warrant describes the premises to be searched with sufficient particularity, it has been said that the executing officer's prior knowledge as to the place intended in the warrant is relevant. This would seem to be especially true where the executing officer is the affiant on whose affidavit the warrant had issued, and where he knows that the judge who issued the warrant intended the building described

in the affidavit." 68 Am. Jur. 2d, Search and Seizure, § 74, p. 729.

This assignment of error is overruled.

[2]  Defendants' second assignment of error embraces numerous exceptions which allege bias and prejudice on the part of the trial judge. In substance they allege that the trial judge favored the State in his discretionary rulings and otherwise aided the State in the prosecution of the case.

"Remarks of the court during the trial will not entitle defendant to a new trial unless they tend to prejudice defendant, the remarks to be considered in the light of the circumstances under which they were made; defendant has the burden of showing prejudice, and a bare possibility that they were prejudicial is insufficient." 2 Strong, N. C. Index 2d, Criminal Law § 99, p. 635.

Defendants' exceptions have failed to show prejudice. This assignment of error is overruled.

[3]  Defendants assign as error the denial of defendants' motion to strike the testimony of Officer Nichols regarding a bottle which exploded two days after it was seized at Pamalee Drive. Defendants contend this testimony served to create an impression in the minds of the jury that the defendants were dealing with explosive materials, and that this evidence had no connection with a drug offense prosecution.

"Where there is abundant evidence to support the main contentions of the state, the admission of evidence, even though technically incompetent, will not be held prejudicial when defendant does not affirmatively make it appear that he was prejudiced thereby or that the admission of the evidence could have affected the result." 3 Strong, N. C. Index 2d, Criminal Law § 169, p. 135.

The record on appeal further discloses that defendants did not object to the question; that the witness' answer was responsive, and that thereafter defendants moved to strike the answer. Objection must be interposed to an improper question without waiting for an answer, and, if objection is not made in that time, motion to strike the responsive answer is addressed to the discretion of the trial court, except where evidence is rendered incompetent by statute. State v. Perry, 275 N.C. 565, 169 S.E. 2d 839. This assignment of error is overruled.

[4]  The defendant next assigns as error that the trial judge permitted the State's witness to weigh the contents of State's exhibit #29 on a set of scales in the presence of the jury. State's exhibit #29 was a bag containing marijuana. Obviously, the witness would have been permitted to testify that he had weighed the bag and to give its weight. We see no merit in defendant's argument that the act of weighing it should have not been permitted in the presence of the jury.

[5]  Defendants next assign as error the Court's failure to strike the opinion testimony of Officer Engleke that defendant Walsh was under the influence of marijuana at the time of the raid. A lay witness may state his opinion as to whether a person is under the influence of drugs when he has observed the person and such testimony is relevant to the issue being tried. *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49; *State v. Fletcher,* 279 N.C. 85, 181 S.E. 2d 405. This assignment of error is overruled.

[6]  Defendants assign as error the admission of testimony of a rebuttal witness called by the State. The rebuttal witness, Sergeant Taylor, the immediate supervisor of defendant Walsh at Fort Bragg, testified that the reputation of Walsh in the military community was not good.

The defendant Walsh elected to testify in his own behalf. By doing so, he subjected himself to impeachment by evidence of bad character just as any other witness. The evidence of defendant's character goes to his credibility and is not substantive evidence of guilt or innocence. Stansbury, N. C. Evidence, Brandis Revision, § 108. This assignment of error is overruled.

[7]  Defendants' final assignment of error alleges prejudicial omissions in the charge to the jury. Defendants contend that both knowledge and consent are necessary elements of criminal possession of controlled substances, and that defendants failed to give such consent to Gary Adams, the alleged sole owner and controller of the contraband.

The trial court instructed the jury that possession of a controlled substance exists if one has knowledge and power to control that substance. The trial court then delineated actual and constructive possession of property, and then instructed the jury that when one occupies a house, either alone or together with others as a tenant and as such has control over the premises, this fact in and of itself gives rise to the inference of both

knowledge and control. This principle was clearly enunciated in *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706, as follows: "Where such materials (narcotics) are found on the premises under the control of the accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession."

We find no prejudicial error in the charge.

In our opinion defendants had a fair trial free from prejudicial error.

No error.

Judges BRITT and BALEY concur.