State v. Carriker

STATE OF NORTH CAROLINA v. TEDDY LEE CARRIKER

No. 7422SC794

(Filed 4 December 1974)

1. **Criminal Law § 91— motion for continuance — court's remarks in passing sentence in prior case**

   In a prosecution for distributing marijuana to a minor, the trial court did not err in the denial of defendant's motion for continuance based on remarks made by the trial court in passing sentence in a previous case that it was his experience with persons using marijuana who had been tried before him that they would do anything to get the stuff and that a lot of them get religion when they come into the courtroom where there is nothing in the record to show that the remarks were directed toward this defendant or that any person chosen to sit on the jury in defendant's trial actually heard the remarks.

2. **Narcotics § 4.5— distributing marijuana to minor — failure to submit lesser offenses**

   In a prosecution for distributing marijuana to a minor, the trial court did not err in failing to submit to the jury the lesser included offenses of possession with intent to distribute, attempted distribution and possession of less than five grams where the evidence was uncontroverted except for evidence concerning the identity of the person who sold marijuana to the minor.

APPEAL by defendant from *Gambill, Emergency Judge,* Special Criminal Session, DAVIDSON County Superior Court. Heard in the Court of Appeals 18 November 1974.

Defendant was charged in a bill of indictment with the wilful and felonious distribution of a controlled substance to a minor under G.S. 90-95(a)(1), (a)(3) and (i). The defendant pleaded not guilty.

Martha King, a young girl of fifteen years at the time of trial, testified that on 25 September 1973, when she was fourteen

years of age, she went to the defendant's trailer to buy a nickel bag of marijuana. At the trailer, the defendant was outside talking to some boys. She told the defendant she wanted to buy a nickel bag whereupon he said "Okay" and hollered into the trailer for someone to bring out a bag. Someone brought it out, and the defendant handed her the bag and took $4.95 from her.

Later, at school, Miss King was found smoking marijuana in a restroom and was summoned to the principal's office. The police and her mother were called, whereupon Miss King told the officers from whom she had obtained the marijuana and where the rest of it was.

One of the police officers testified that he confiscated the marijuana. He identified the marijuana shown to him at trial as the same he had taken from Miss King that day in the principal's office. Another police officer verified that the defendant's birthday was October 29, 1949.

The defendant's evidence was sharply contradictory to that of the State. The defendant's wife sought to refute Miss King's accusation that it was the defendant who had sold her the marijuana. She testified that the defendant told Miss King that he did not have any marijuana to sell and that she must have gotten it from someone else.

Another witness for the defendant testified that a Phil Presley, whose wherabouts during trial was unknown, had sold her the marijuana and not the defendant.

The defendant testified denying that he had sold Miss King the marijuana. The jury returned a verdict of guilty as charged in the bill of indictment and from a judgment sentencing the defendant to not less than fifteen nor more than thirty years in the State Prison, the defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General James E. Magner, Jr., for the State.*

*Clarence C. Boyan for defendant appellant.*

CAMPBELL, Judge.

[1] The appellant contends that the trial court erred in denying his motion to continue the trial for the reason that remarks made by the court before the jury panel had prejudiced the right of the defendant to a fair trial. Specifically, the appellant

State v. Carriker

contends that the court prejudiced him in the minds of pros-
pective jurors through remarks made in sentencing a defendant
in a marijuana possession case heard prior to his own.

In the previous case after a plea of guilty and before pass-
ing sentence, the trial judge had remarked that it was his experi-
ence with persons using marijuana who had been tried before
him that they would do anything to get the stuff. He further
remarked as the prior defendant was leaving the courtroom
that a lot of them get religion when they come in the courtroom.
These remarks, allegedly being made before the jury panel who
would try him, were, the appellant contends, prejudicial.

There is nothing in the record to indicate that these re-
marks were directed toward the defendant in the case at bar
and there is no showing that any of the panel who were chosen
to sit in this trial had heard the remarks. We do not condone
the practice complained of here and think that trial judges
should be extremely careful in making remarks or comments in
the courtroom before prospective jurors which might cause
prejudice to subsequent litigants on the calendar. While the
remarks in the instant case were unfelicitous, we fail to see how
the minds of the jury which tried the defendant were affected
so that a fair and impartial trial could not be had. Consequently,
we hold that it was not error in this case.

[2] Next, the appellant contends that the trial court erred in
submitting to the jury the possibility of returning only one of
two verdicts, to wit, guilty of feloniously selling controlled sub-
stances to a minor, he being over twenty-one, or not guilty. The
appellant asserts that the court should have submitted the lesser
included offenses of possession with intent to distribute under
G.S. 90-95 (a) (1), attempted distribution and possession of less
than five grams of marijuana.

It is established that a court is not required to submit a
lesser included offense to the jury when there is no evidence
to support such a charge. *State v. Vestal,* 278 N.C. 561, 180 S.E.
2d 755 (1971). The evidence in this case was uncontroverted
except for evidence concerning the identity of the person who
sold the marijuana to Miss King. It was established that she
was under the age of eighteen and that the defendant was over
the age of twenty-one. It was also generally uncontested that a
sale took place. Under this evidence, the defendant either com-
mitted the crime as described in G.S. 90-95 (i) (Supp. 1971) or

he committed no crime at all. Consequently, there was no evidence of any lesser included offenses to support a charge thereon.

On the sharply divided testimony, it was a question for the twelve, and we find no prejudicial error committed in the trial below.

No error.

Judges MORRIS and MARTIN concur.