STATE OF NORTH CAROLINA v. FREDERICK STANLEY.

No. 745SC875

(Filed 18 December 1974)

Narcotics § 4.5— possession with intent to distribute — submission of simple possession proper

Where the bill of indictment charged defendant with possession of a controlled substance with intent to distribute, the trial court could properly submit an issue to the jury as to defendant's guilt of simple possession of a controlled substance, since simple possession is a lesser included offense of possession with intent to distribute.

ON *certiorari* to review a trial before *Tillery, Judge,* 11 February 1974 Session of Superior Court held in NEW HANOVER County.

Defendant was tried under a bill of indictment charging him with one count of felonious possession of a controlled substance with the intent to distribute, and one count of felonious distribution of a controlled substance.

The evidence tended to show that on 4 April 1973, a narcotics undercover agent picked up defendant and a companion and proceeded to drive them to a concert. Upon arrival at the concert, defendant and his companion left the agent's vehicle. A few minutes later they returned and informed the agent that they could purchase two tablets of LSD (Lysergic Acid Diethylamide) for six dollars. The agent gave defendant six dollars, and defendant made the purchase and returned to the vehicle where he gave two LSD tablets to the agent.

The jury returned a verdict of guilty of possession of a controlled substance. Defendant was acquitted on the count charging him with distribution of the substance and was sentenced to be imprisoned for a term of not less than three years nor more than five years, with recommendation that the sentence be served in a youthful offenders' camp.

*Attorney General James H. Carson, Jr., by Assistant Attorney General, William F. O'Connell, for the State.*

*Harold P. Laing for defendant appellant.*

VAUGHN, Judge.

The trial court instructed the jury that they could find defendant guilty or not guilty of possession of a controlled substance, and guilty or not guilty of distribution of a controlled substance. Defendant contends that the court erred in instructing the jury on the offense of possession of a controlled substance when the bill of indictment charged him with possession of a controlled substance with the intent to distribute, arguing that possession of LSD is a separate and distinct crime from possession of LSD with intent to distribute. In *State v. Aiken,* 286 N.C. 202, _____ S.E. 2d _____ (1974), defendant was charged with possession of heroin, a controlled substance, with the intent to deliver, and the Supreme Court, affirming this Court, held that it was not error to instruct the jury that defendant could

be found guilty of possession with intent to distribute, or guilty of simple possession, or not guilty. In Aiken, *supra,* the Court said:

> ". . . [o]ne may not possess a substance with intent to deliver it (the offense charged in the present indictment) without having possession thereof. Thus, possession is an element of possession with intent to deliver and the unauthorized possession is, of necessity, an offense included within the charge that the defendant did unlawfully possess with intent to deliver. Consequently, there was no error in instructing the jury that, under the indictment in the present case, it might find the defendant guilty of the unauthorized possession of a controlled substance."

In *State v. Reindell* (N. C. Court of Appeals, opinion filed 4 December 1974), defendant was charged with possession of a controlled substance with intent to distribute, to wit: 299 tablets of LSD, and this Court, citing *Aiken* as authority, held that it was not error to instruct the jury that defendant could be found guilty "of possession of LSD with intent to distribute, guilty of possession of LSD but without the intent to distribute, or not guilty."

The crime of possession of a controlled substance is a lesser included offense of the crime of possession of a controlled substance with intent to distribute.

We have carefully considered defendant's other assignment of error, find it to be without merit and hold that defendant's trial was free from prejudicial error.

No error.

Judges BRITT and ARNOLD concur.