STATE OF NORTH CAROLINA v. KENNETH LEE WOODS

No. 751SC159

(Filed 16 July 1975)

1. **Searches and Seizures § 3— issuance of search warrant — neutrality of issuing magistrate**

    A warrant to search defendant's premises for drugs was not invalid because it was not issued by a neutral and detached magistrate where the magistrate overheard a person against whom he was preparing an arrest warrant make a statement about drugs being in the possession of defendant, the magistrate told an officer that the person making the statement had been a reliable informer to police in con-.

State v. Woods

: nection with drug investigations, and the magistrate suggested to the officer that he telephone the chief of the Kill Devil Hills Police Department.

2. **Searches and Seizures § 3— search warrant — sufficiency of evidence to support probable cause finding**

Where testimony at a *voir dire* hearing to determine validity of a search warrant indicated that ample evidence was placed before the magistrate prior to issuance of the warrant to support the probable cause finding, it was not necessary that the affidavit contain within itself all the evidence properly presented to the magistrate.

3. **Searches and Seizures § 3— search warrant — description of premises adequate**

Description in a search warrant of the premises to be searched was adequate.

APPEAL by defendant from *Lanier, Judge*. Judgments entered 3 October 1974 in Superior Court, DARE County. Heard in the Court of Appeals 17 April 1975.

In the early morning of 15 August 1974 police officers of Kill Devil Hills and deputy sheriffs of Dare County, acting pursuant to a search warrant, searched a house trailer occupied by defendant and found a large quantity of various drugs. As a result, defendant was subsequently convicted in five cases for violations of the North Carolina Controlled Substances Act. On this appeal from the judgments imposed in those cases, defendant challenges the validity of the search.

*Attorney General Edmisten by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*Herbert L. Thomas for defendant appellant.*

PARKER, Judge.

[1] Defendant first contends that the search warrant was invalid because it was not issued by a "neutral and detached magistrate." In this connection, testimony presented at the voir dire hearing conducted by the court to determine validity of the warrant shows the following: On the evening of 14 August 1974 Magistrate Ralph Swain, a duly appointed and qualified magistrate in Dare County, was at the Dare County Courthouse in Manteo. At that time Officer J. C. Stuart of the Kill Devil Hills Police Department brought to the courthouse one Robert Ken Hansen, whom he had arrested on a drug-related charge. While Magistrate Swain was preparing the arrest warrant

against Hansen, he overheard Hansen making a statement to Officer Stuart concerning a "cache of pills, a suitcase full, thousands of dollars worth," in the possession of defendant Woods. Magistrate Swain was acquainted with Hansen and knew that on a number of occasions Hansen had been an informer to the police in connection with drug investigations in Dare County. Magistrate Swain told Officer Stuart of the reliability of Hansen as an informer, and suggested that Stuart telephone Chief Bray of the Kill Devil Hills Police Department. Stuart did so, and both Stuart and Swain talked with Chief Bray on the phone. In these conversations Chief Bray confirmed that on a previous occasion Hansen had provided accurate information which resulted in an arrest and conviction. On the basis of this information, Officer Stuart then signed the affidavit upon which the search warrant was issued by Magistrate Swain.

At the conclusion of the voir dire hearing the court entered an order making findings of fact from which it concluded as a matter of law that the search warrant was valid. In this we find no error. Certainly the issuing magistrate must be "neutral and detached," *Shadwick v. City of Tampa*, 407 U.S. 345, 32 L.Ed. 2d 783, 92 S.Ct. 2119 (1972), but there has been no showing in this case that Magistrate Swain at any time failed to occupy that status. Quite to the contrary, he performed his duties throughout in a correct and admirable manner. Certainly it is entirely consistent with a properly judicial and detached neutrality for the magistrate to inform the officer of the type of information which must be supplied to support a finding of probable cause. As the magistrate in this case testified, "[a]t the time when an officer comes for a search warrant, you have to furnish him with the knowledge of what information he needs." Nor was there anything improper in this case in the magistrate, because of information which he already possessed, suggesting to the officer that he contact the police chief in order to obtain further information.

[2] We also find no merit in defendant's contention that the search warrant was invalid because the affidavit did not itself contain a sufficient recitation of the underlying circumstances to support the magistrate's finding of probable cause. As testimony at the voir dire hearing made clear, ample evidence was placed before the magistrate prior to issuance of the warrant to support the probable cause finding, and it is not necessary

that the affidavit contain within itself all the evidence properly presented to the magistrate. *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881 (1972). Our statute, G.S. 15-26(b), applicable to the warrant here in question, requires only that the affidavit indicate the basis for the finding of probable cause. (For changes in our statutory requirements in this respect, reference should be made to our new Criminal Procedure Act, particularly G.S. 15A-245(a), applicable to criminal proceedings begun on and after 1 September 1975.)

[3]  Finally, defendant contends that the search warrant was invalid because it did not adequately describe the place to be searched. In this connection the premises was described in the warrant as the premises of the defendant, Kenneth Woods, particularly described as:

> "A Aqua and White mobile home owned by James Luther Bateman about 60 yards beyond Joe Kays Camp Ground the first dirt road to the left off RPR 1215 the first house trailer on the right."

All that is required is that the premises be described with reasonable certainty, and we find the description here to be adequate. Testimony at the voir dire that the mobile home was not owned by James Luther Bateman, as was stated in the warrant, but was actually owned by his father, Luther Lawrence Bateman, who rented it to the defendant, did not render the description fatally defective. Nor was the description shown to be inadequate by testimony that there was in the vicinity another aqua and white mobile home not owned by either Bateman and not occupied by defendant.

In defendant's trial and in the judgments appealed from we find

No error.

Judges BRITT and VAUGHN concur.