STATE OF NORTH CAROLINA v. WILLIE D. CLONINGER

No. 7725SC1060

(Filed 20 June 1978)

1. Narcotics § 4.7— lesser offenses—failure to instruct—error

In a prosecution for possession with intent to sell marijuana and hashish, the trial court erred in failing to charge on the lesser offense of felony possession of marijuana in excess of one ounce, and the court also erred in instructing on possession of hashish with intent to sell, since the quantity involved was small, less than one gram, and there was no other evidence from which this intent could be inferred.

State v. Cloninger

2. Searches and Seizures § 30— premises to be searched—adequacy of description

Description in a search warrant of the premises to be searched as the mobile home and premises owned and occupied by Willie Cloninger located at the end of a dirt road approximately 100 yards behind Linda's truck stop, together with the executing officer's testimony that he knew the trailer and had seen defendant about the premises on several occasions, adequately described the premises to be searched.

APPEAL by defendant from *Ferrell, Judge*. Judgments entered 11 August 1977 in Superior Court, CALDWELL County. Heard in the Court of Appeals 26 April 1978.

Defendant pled not guilty to charges of on 22 February 1977 (1) possession with intent to sell and deliver more than 0.10 ounce of hashish and (2) possession with intent to sell four pounds of marijuana, both charges in violation of G.S. 90-95(a)(1).

The State's evidence tended to show that Deputy Sheriff Colvard knew defendant, that defendant lived in a mobile home, and that he had seen defendant about the premises on several occasions. Colvard obtained a search warrant, went to defendant's home and searched it, finding a quantity of rolling paper and other marijuana smoking paraphernalia in a closet.

Deputy Colvard then searched the area and found eighteen blocks of marijuana, each weighing 2½ pounds in some tires located about 150 feet from the trailer. Defendant was seen working on junk cars several times near within 10 to 15 feet of where the marijuana was found. A remote television viewer camera attached to defendant's trailer pointed to the tires in which the marijuana was found. Nearby under an oil pan Colvard found a bottle containing a brown resin (hashish), less than one gram.

Defendant testified that he did not own and had no knowledge of the marijuana and the hashish, and that he purchased the cigarette paper and other smoking materials for resale by his father.

Defendant was found guilty as charged and appeals from judgments imposing imprisonment.

*Attorney General Edmisten by Assistant Attorney General George J. Oliver for the State.*

*Michael P. Baumberger for defendant appellant.*

CLARK, Judge.

[1]  One issue raised by this appeal is whether the trial court erred in failing to charge on lesser included offenses of (1) possession of marijuana with intent to sell and (2) possession of hashish with intent to sell, both Schedule VI controlled substances, in violation of G.S. 90-95(a)(1), as charged in the bills of indictment.

The marijuana indictment charged possession with intent to sell of four pounds of marijuana. Possession of more than one ounce of marijuana is a felony under G.S. 90-95(d)(4), and punishable by imprisonment of not more than five years.

The hashish indictment charged possession with intent to sell in excess of 0.10 ounce of hashish. Possession of more than 0.10 ounce of hashish is a felony under G.S. 90-95(d)(4), and punishable by imprisonment of not more than five years.

All of the evidence tends to show that if defendant possessed these controlled substances, he possessed 5½ or 6 pounds of marijuana, and less than one gram (also less than one ounce) of hashish. Thus the evidence would have supported a verdict of possession of more than one ounce of marijuana, a felony under G.S. 90-95(d)(4), but would not have supported a verdict of felony possession of hashish in excess of 0.10 ounce. Absent the intent to sell, the defendant under this evidence could be guilty only of possession of hashish in violation of G.S. 90-95(a)(3), which is a misdemeanor under G.S. 90-95(d)(4).

The quantity of marijuana, 5½ or 6 pounds, found in the case *sub judice* was evidence of intent to sell. This court has held that the quantity of the drug seized is an indicator of intent to sell. *State v. Mitchell*, 27 N.C. App. 313, 219 S.E. 2d 295 (1975); *State v. Carriker*, 24 N.C. App. 91, 210 S.E. 2d 98 (1975), *rev'd on other grounds*, 287 N.C. 530, 215 S.E. 2d 134 (1975). However, this evidence of quantity and the other evidence in the case did not compel a verdict of possession with intent to sell. Defendant testified and denied possession of any quantity of illicit drugs. The evidence in this case is not so positive as to the element of intent to sell marijuana that there is no conflicting evidence, as in *State v. Carriker, supra.*

Possession of an illicit drug is an element of possession with intent to sell or deliver the drug, and the former is a lesser in-

cluded offense of the latter. *State v. Aiken*, 286 N.C. 202, 209 S.E. 2d 763 (1974); *State v. Stanley*, 24 N.C. App. 323, 210 S.E. 2d 496 (1974), *rev'd on other grounds*, 288 N.C. 19, 215 S.E. 2d 589 (1975).

Where there is evidence of defendant's guilt of a lesser degree of the crime included in the bill of indictment, defendant is entitled to have the question submitted to the jury, even when there is no specific prayer for the instruction; and error in failing to do so is not cured by a verdict convicting the defendant of the offense charged, because in such case it cannot be known whether the jury would have convicted of a lesser degree. if the different permissible degrees arising on the evidence had been correctly presented in the charge. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970); 4 Strong's, N.C. Index 3d, Criminal Law, § 115.

As to the marijuana charge (77CRS1251) we conclude that under the evidence the trial court properly charged on possession of marijuana with intent to sell as charged, but the court erred in failing to charge on the lesser offense of felony possession of marijuana in excess of one ounce. The indictment alleged possession of four pounds of marijuana with intent to sell. Since all of the evidence was positive as to the quantity found (5½ or 6 pounds) the court was not required to charge on the lesser offense of misdemeanor possession of marijuana (less than one ounce).

As to the hashish charge (77CRS1249), there was no evidence of intent to sell because the quantity was small, less than one gram, and there was no other evidence from which this intent could be inferred. The trial court should not have charged on the crime of possession of hashish with intent to sell, but only on the crime of misdemeanor possession in violation of G.S. 90-95(d)(4), less than one gram.

[2] Defendant moved to suppress the smoking materials found in his trailer on the ground that the search warrant did not adequately describe the mobile home. There were two other trailers nearby. The search warrant description was as follows: "[T]he mobile home and premises owner [*sic*] and occupied by Willie Clonninger. [*sic*] Located at the end of a dirt road, approx 100 yds behind Lindas truck stop . . . ."

The search warrant must describe the premises with reasonable certainty. The description is somewhat similar to the

description of a mobile home in *State v. Woods*, 26 N.C. App. 584, 216 S.E. 2d 492 (1975), which held the description was adequate. Further, Officer Colvard testified that he knew the trailer and had seen defendant about the premises on several occasions. In *State v. Walsh*, 19 N.C. App. 420, 199 S.E. 2d 38 (1973), it was held that the executing officer's prior knowledge as to the place intended in the warrant is relevant. This assignment is without merit.

We do not treat the other assignments of error since they may not recur upon retrial.

In 77CRS1251 the judgment is reversed and the cause remanded for a new trial. The State may elect to proceed against the defendant on the charge of possession of marijuana with intent to sell in violation of G.S. 90-95(a)(1), or on the charge of felony possession of marijuana in excess of one ounce in violation of G.S. 90-95(a)(3) and G.S. 90-95(d)(4).

In 77CRS1249 the judgment is reversed and the cause is remanded for a new trial on the charge of simple possession of hashish, a misdemeanor in violation of G.S. 90-95(a)(3).

New trial.

Judges BRITT and ERWIN concur.