STATE OF NORTH CAROLINA v. WILLIAM EARNEST MOORE

No. COA01-779

(Filed 6 August 2002)

## 1. Search and Seizure— warrant—improper address—failure to use full name—motion to suppress

The trial court did not err in a trafficking in cocaine and knowingly maintaining a place to keep or sell a controlled substance case by denying defendant's motion to suppress the evidence seized at defendant's home pursuant to a search warrant even though the warrant did not use defendant's full name and defendant's address was listed as "996" instead of "995," because: (1) the executing officer's prior knowledge of the house to be searched is relevant, and the officer had previously been to defendant's residence and observed defendant there; (2) the address described in the search warrant may differ from the address of the residence actually searched; and (3) a search warrant is not defective for failure to specifically name a defendant.

## 2. Discovery— lab reports—motion to suppress—failure to disclose prior to trial

The trial court did not abuse its discretion in a trafficking in cocaine and knowingly maintaining a place to keep or sell a controlled substance case by refusing to suppress lab reports and the testimony of two SBI lab agents, or by failing to dismiss the charges based on the State's failure to disclose the lab reports

prior to trial, because: (1) the trial court offered defendant a continuance or recess so he could have independent lab testing conducted; (2) defendant was also offered an opportunity to request a mistrial; and (3) the State was ordered to provide full discovery to defendant, who was then allowed time to review the lab reports and conduct a voir dire of the lab agents.

## 3. Appeal and Error— preservation of issues—failure to state specific grounds for objection

Although defendant contends the trial court erred in a trafficking in cocaine and knowingly maintaining a place to keep or sell a controlled substance case by overruling defendant's objection to a witness's statement regarding undercover drug purchases, defendant failed to preserve this issue because: (1) defendant lodged a general objection without stating specific grounds for the ruling he desired the court to make; and (2) even assuming arguendo that the admission of the statement constituted error, it did not rise to the level of prejudicial error.

## 4. Witnesses— expert—qualifications—extensive knowledge and training

The trial court did not err in a trafficking in cocaine and knowingly maintaining a place to keep or sell a controlled substance case by qualifying a witness as an expert in the sale, manufacture, and possession of cocaine, and allowing him to testify about a hypothetical drug operation, because: (1) the length of the witness's employment as a narcotics officer, as well as his knowledge of cocaine manufacturing, the division and packaging of the drug, and his extensive knowledge of illegal drug operations, all provided him with the requisite expertise to testify to a hypothetical question based on the facts of the case; and (2) his answer to the hypothetical was helpful to the trier of fact and did not invade the province of the jury.

Appeal by defendant from judgment entered 4 August 2000 by Judge William C. Gore, Jr. in Columbus County Superior Court. Heard in the Court of Appeals 18 April 2002.

*Roy Cooper, Attorney General, by Mark J. Pletzke, Assistant Attorney General, for the State.*

*Lee & Lee, by Junius B. Lee, III, for defendant-appellant.*

STATE v. MOORE

[152 N.C. App. 156 (2002)]

THOMAS, Judge.

Defendant, William Earnest Moore, appeals convictions of two counts of knowingly maintaining a place to keep or sell a controlled substance, one count of trafficking in cocaine by possession, and one count of trafficking in cocaine by manufacturing. He sets forth five assignments of error. For the reasons herein, we find no error.

The State's evidence tends to show the following: Detective Matt Dennis of the Bladen County Sheriff's Department testified that on five separate occasions he and a man named Charles Haley went to defendant's residence. Dennis provided money to Haley and then observed from the rear view mirror of his vehicle as Haley went inside the residence and returned with an off-white crystalline substance. Haley would then inform Dennis that "Earnest" sold him the cocaine. Due to poor lighting conditions, Dennis was unable to discern whether the address written in black numbers on defendant's mobile home was "995" or "996." Dennis told this to his supervising officer, Detective Sergeant Kyle Jones, and also informed him that the residence was a single wide mobile home with brown trim and was the first of two mobile homes in the driveway.

Subsequently, Detective Tom Arnold took a confidential source of information (CSI) to defendant's mobile home. The CSI had earlier told Arnold that he was able to buy controlled substances at Camp Ground Road from a man named William Earnest Moore. Arnold gave the CSI money and observed him go into defendant's home and purchase what Arnold believed to be cocaine. Arnold told Jones the address number was 996 and the mobile home was white with brown trim. He also said it was the first of two mobile homes in the driveway.

Within forty-eight hours of the time Arnold and the CSI visited defendant's residence, a search warrant was issued. A map to defendant's home was attached to the search warrant, and the mobile home was described as being white with brown trim. Jones said he believed the address of the first trailer, where all of the drug activity took place, was 996 Camp Ground Road. He listed that address in the search warrant as the residence to be searched. The actual address of defendant's home is 995 Camp Ground Road.

Arnold, one of the officers involved in the search, testified he went to the same mobile home where he had observed the CSI purchase cocaine. Defendant's mobile home, at 995 Camp Ground Road,

was the one searched, with a number of items, including cash and illegal drugs, seized. Additionally, an off-white substance and $1,168.90 were obtained from defendant's trousers. In all, $24,256.90 was seized from defendant's clothes, dresser drawers, and areas under the mobile home's carpeting. A loaded .38 special revolver was found in the bottom of the oven, while a nine millimeter pistol and a set of scales were found in a cabinet. While searching a shed behind defendant's residence, Arnold discovered a plastic container filled with an off-white rock-like substance, a rifle, and a set of scales.

Defendant made a motion to suppress the seized evidence. At the suppression hearing, the trial court found that, although the warrant listed the incorrect address, sufficient probable cause existed to issue it. The court further concluded there was no substantial violation under N.C. Gen. Stat. § 15A-974(2) requiring suppression of the evidence.

At trial, defendant was found guilty and sentenced to two consecutive forty-five day terms for the two offenses of knowingly maintaining a place to keep or sell a controlled substance plus two more consecutive thirty-five to forty-two month terms for the two trafficking offenses. He appeals.

[1] By his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress the evidence seized pursuant to the search warrant. Defendant maintains the warrant failed to identify the persons or places to be searched with sufficient particularity in that his full name was not used, the address was listed as "996" and not "995," and defendant rented the mobile home from his brother, who is not listed in the warrant as the owner. We disagree.

In reviewing the denial of a motion to suppress, we examine the evidence introduced at trial in the light most favorable to the State to determine whether the facts are supported by competent evidence and whether those factual findings in turn support legally correct conclusions of law. *State v. McKinnon*, 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982); *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982).

A search warrant must contain a "designation sufficient to establish with reasonable certainty the premises, vehicles, or persons to be searched," and a "description or a designation of the items constituting the object of the search and authorized to be seized." N.C. Gen.

Stat. §§ 15A-246(4) and 15A-246(5) (2001). The executing officer's prior knowledge of the house to be searched is relevant. *State v. Cloninger*, 37 N.C. App. 22, 25, 245 S.E.2d 192, 195 (1978). Additionally, the address described in the search warrant may differ from the address of the residence actually searched. *State v. Walsh*, 19 N.C. App. 420, 423, 199 S.E.2d 38, 40-41, *disc. review denied*, 284 N.C. 258, 200 S.E.2d 658 (1973). A search warrant is not defective for failure to specifically name a defendant. *State v. Hansen*, 27 N.C. App. 459, 464-65, 219 S.E.2d 641, 644 (1975), *cert. denied*, 289 N.C. 453, 223 S.E.2d 161 (1976). Nor is it defective for erroneously listing the defendant as the actual owner of the residence. *See State v. Woods*, 26 N.C. App. 584, 587, 216 S.E.2d 492, 494, (error naming son rather than father as the owner of the premises does not render the description fatally defective), *appeal dismissed*, 288 N.C. 396, 218 S.E.2d 469 (1975).

Here, the warrant describes defendant as a black male named "Ernest." It states that Ernest resides in a single wide mobile home with brown trim and that the number "996" is affixed to the right of the front door. A map to defendant's residence is attached to the warrant. Further, Arnold had previously been to defendant's residence and observed defendant there. The facts are therefore supported by competent evidence with the findings supporting legally correct conclusions of law. Defendant's contention that the evidence seized pursuant to this search warrant must be suppressed is without merit.

**[2]** By his second assignment of error, defendant contends that, because of the State's failure to disclose lab reports of the off-white rock-like substance prior to trial, the trial court erred when it refused to suppress the lab reports and the testimony of two State Bureau of Investigation lab agents, or to dismiss the charges. Defendant maintains that the trial court abused its discretion in only allowing defendant the option of moving for a mistrial or having a continuance to review the lab reports. We disagree.

N.C. Gen. Stat. § 15A-910 provides:

If at any time during the course of the proceedings the court determines that a party has failed to comply with this Article or with an order issued pursuant to this Article, the court in addition to exercising its contempt powers may

(1) Order the party to permit the discovery or inspection, or

(2) Grant a continuance or recess, or

STATE v. MOORE

[152 N.C. App. 156 (2002)]

(3) Prohibit the party from introducing evidence not disclosed, or

(3a) Declare a mistrial, or

(3b) Dismiss the charge, with or without prejudice, or

(4) Enter other appropriate orders.

N.C. Gen. Stat. § 15A-910 (2001). While the trial court has the authority to impose discovery violation sanctions, it is not required to do so. *State v. Hodge*, 118 N.C. App. 655, 657, 456 S.E.2d 855, 856 (1995). Therefore, whether sanctions are imposed is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.* at 657, 456 S.E.2d at 857. "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.'" *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998).

Here, the trial court offered defendant a continuance or recess so he could have independent lab testing conducted. Defendant was also offered an opportunity to request a mistrial. The State, meanwhile, was ordered to provide full discovery to defendant, who was then allowed time to review the lab reports and conduct a *voir dire* of the lab agents. Therefore, we cannot say the trial court's refusal to exclude the lab test results or dismiss with prejudice the charges against defendant was so arbitrary that it could not have been the result of a reasoned decision. Accordingly, we reject this assignment of error.

By his third assignment of error, defendant contends that due to the insufficiency of evidence the trial court erred in denying his motion to dismiss. He argues that if this Court finds either (1) that the search warrant was not proper, or (2) that the testimony of two chemists was improperly admitted, then the evidence was not sufficient to submit the charges to the jury. We rejected both of these contentions in our analyses of the preceding two assignments of error. We therefore need not examine this assignment of error.

**[3]** By defendant's fourth assignment of error, he contends the trial court erred in overruling his objection to a witness's statement regarding the undercover drug purchases. We disagree.

At trial, Jones testified that he employed an officer to make undercover drug purchases north of Whiteville "due to a problem we had occur in the area." Defendant contends he is entitled to a new trial because the proper foundation and basis had not been laid for admission of the statement, which implies that defendant was the source of some problem.

We note initially that defendant lodged a general objection to Jones's statement and thus failed to preserve this issue for appeal. *See* N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely . . . objection . . . stating the specific grounds for the ruling the party desired the court to make[.]"). Even assuming *arguendo* that the admission of the statement did constitute error, it did not rise to the level of prejudicial error. *See State v. Crawford*, 104 N.C. App. 591, 598, 410 S.E.2d 499, 503 (1991) ("If there is overwhelming evidence of defendant's guilt or an abundance of other evidence to support the State's contention, the erroneous admission of evidence is harmless.").

Here, the record indicates an abundance of other evidence properly admitted at trial of defendant's guilt. When Dennis told Haley he would like to purchase cocaine, Haley took him to defendant's residence. Thereafter, a reliable CSI informed Arnold that defendant sold cocaine from his residence. Additionally, substantial evidence was presented that several drug purchases made at defendant's residence were observed by police officers. Accordingly, this assignment of error is overruled.

[4] By his last assignment of error, defendant contends the trial court erred by qualifying Dennis as an expert in the sale, manufacture, and possession of cocaine, and allowing him to testify about a hypothetical drug operation. We disagree.

For testimony to be admissible as expert testimony, the witness must be qualified by "knowledge, skill, experience, training, or education." N.C.R. Evid. 702. Expert testimony is properly admissible when such testimony can assist the trier of fact to understand the evidence and to determine a fact in issue because the expert is better qualified. *Id.*

The record clearly supports the trial court's findings that the length of Dennis's employment as a narcotics officer, as well as his knowledge of cocaine manufacturing, the division and packaging of

KAWAI AM. CORP. v. UNIVERSITY OF N.C. AT CHAPEL HILL

[152 N.C. App. 163 (2002)]

the drug, and his extensive knowledge of illegal drug operations, all provided him with the requisite expertise to testify to a hypothetical question based on the facts of this case. Accordingly, his answer to the hypothetical, "I would conclude that that was a drug operation," was helpful to the trier of fact and did not invade the province of the jury. We therefore reject defendant's last argument.

NO ERROR.

Judges MARTIN and TYSON concur.