STATE OF NORTH CAROLINA, Respondent,
v.
MARJORIE G. DUNN, Appellant.
No. COA08-1331
Court of Appeals of North Carolina
Filed July 7, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Douglas A. Johnston, for the State.
Irving Joyner for defendant-appellant.
ELMORE, Judge.
Marjorie G. Dunn (defendant) was tried and convicted in the Onslow County Superior Court of felony possession of cocaine and of being a habitual felon. Defendant appeals this conviction, arguing that the trial judge erred both when he failed to suppress evidence seized from defendant's residence based on a defective warrant and when he failed to dismiss the possession of cocaine charge due to insufficiency of evidence. For the reasons herein, we find no error.
On 17 February 2007, Mark Holden, a narcotics detective with the Onslow County Sheriff's department, received information that a confidential and reliable informant had observed controlled substances (cocaine) inside the residence of defendant, located in the Jasmine Manor Mobile Home Park in Onslow County. Based on established procedures, Detective Holden conducted surveillance of defendant's residence that same day. During the surveillance, he noted certain distinct characteristics of the residence, including the color of the house  white with black trim  and the presence of a large trampoline in the front yard. There were about thirty mobile homes located on the property, but none was similar in color to defendant's residence or had a trampoline in the front yard.
After conducting surveillance, Holden prepared an application for a search warrant for defendant's residence. In the application, he incorrectly listed the residence address as "1158 Canady Road Lot 14, Jacksonville, N.C." The correct lot number was 12. The affidavit accompanying the search warrant correctly described the physical characteristics of the residence, including the presence of the trampoline and the color of the residence. An aerial map of the area that correctly depicted defendant's residence highlighted in yellow was attached to the affidavit. The affidavit also stated that Detective Holden personally knew the informant, had used the informant successfully in the past, and deemed the informant reliable. The search warrant was issued and executed on 17 February 2007.
Detective Holden was part of a team of police officers who executed the warrant. After the officers entered the residence, Detective Jack Springs read the warrant to defendant, who indicated that the officers were at lot number 12. Detective Springs explained to defendant that they were at the correct house as described by its physical characteristics in the warrant. The officers proceeded to conduct a search of the residence. During the search, the officers found several bags of cocaine, several bags of marijuana, and other equipment that is used to weigh and package cocaine for sale. A large amount of cash, totaling over $5,500.00, was found in various locations within the house, including a ladies purse and ladies jacket. The currency was in $20 bills and was folded in $100.00 increments, which Detective Springs testified is a manner that drug dealers commonly use to collate and fold their cash. The drugs recovered from defendant's residence totaled 14.57 grams of cocaine and 2.78 grams of marijuana.
Defendant was charged with several drug-related offenses and tried in front of a jury. During the trial, defendant made a motion to suppress and exclude from presentation by the State any evidence seized during the search of her residence on 17 February 2007. Defendant contended that the search warrant was defective because it did not accurately describe the premises to be searched and because it did not fully describe the reliability of the informant used by the police. The trial judge denied the motion on grounds that the incorrect address on the warrant did not present the risk that an executing officer would search the wrong residence. Additionally, the trial judge concluded that the information contained in Holden's affidavit was "sufficiently substantial to show the informant was reliable and to establish probable cause."
At the close of the State's evidence, and again at the close of all evidence in the case, defendant moved to dismiss the charges. The trial court denied both motions. A jury returned verdicts of guilty on the charges of possession of cocaine and knowingly maintaining a building which was used for the purpose of unlawfully keeping or selling cocaine; a second jury found that defendant was a habitual felon after the first jury was hung on the issue. After her prior record level was determined to be IV, defendant was sentenced to a term of 86 to 113 months' imprisonment.

II
Defendant first argues that the trial judge erred when he failed to suppress evidence that was discovered and seized from defendant's residence. Specifically, defendant contends that the search warrant was defective because, by listing the incorrect lot number, the warrant did not accurately and precisely describe the premises to be searched. We disagree.
Our review of a trial court's ruling on a motion to suppress "is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982).
A search warrant must contain a "designation sufficient to establish with reasonable certainty the premises, vehicles, or persons to be searched." N.C. Gen. Stat. § 15A-246(4) (2007). Since the statute requires only a description with "reasonable certainty," the address on a search warrant does not in itself control the validity of the warrant. State v. Woods, 26 N.C. App. 584, 587, 216 S.E.2d 492, 494 (1975). The address described in the search warrant may differ from the address of the residence actually searched without such reasonable certainty being lost. State v. Walsh, 19 N.C. App. 420, 423, 199 S.E.2d 38, 41 (1973). If there is other evidentiary support for a legally correct conclusion regarding the validity of a search warrant, then an incorrect address does not invalidate the warrant. State v. Moore, 152 N.C. App. 156, 160, 566 S.E.2d 713, 716 (2002) (finding that the search warrant, which identified defendant's residence, number 995, as number 996, was valid since the executing office had precise knowledge of the house to be searched).
In this case, the police officers who executed the warrant had precise information about the house to be searched. The accompanying affidavit correctly described the color of the house as white with black trim. The affidavit also correctly identified the house as the one with a large trampoline in the front yard. The Jasmine Manor Mobile Home Park consisted of about thirty homes, no other of which had a trampoline in the front yard or was close in color to defendant's house. Further, an aerial map of the area that depicted defendant's residence as highlighted in yellow was attached to the affidavit.
Therefore, we find that there were enough factual details in the warrant to ensure that the police would search the correct house, and thus that reasonable certainty existed to satisfy the statute.

III
Defendant also contends that the warrant lacked probable cause since it did not completely and fully describe the reliability of the confidential informant. We disagree.
In determining whether a search warrant is supported by probable cause, North Carolina courts must consider the "totality of the circumstances." State v. Arrington, 311 N.C. 633, 641, 319 S.E.2d 254, 259 (1984). Under the totality of the circumstances test, "the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis . . . for conclud[ing]' that probable cause existed." Id. at 638, 319 S.E.2d at 258 (quoting Illinois v. Gates, 462 U.S. 213, 238-39, 76 L. Ed. 2d. 527, 548 (1983); alterations in original). The reviewing court must consider the "evidence as a whole" to evaluate the magistrate's determination of probable cause. State v. Beam, 325 N.C. 217, 221, 381 S.E.2d 327, 329 (1989). To that end, if an affidavit describes an informant as reliable, then this Court considers information supplied by the informant as sufficient to establish probable cause regarding discovery of controlled substances. State v. Riggs, 328 N.C. 213, 219, 400 S.E.2d 429, 433 (1991) (finding the statement of a police officer that the information given by an informant in the past had been found to be true and exact was enough to establish probable cause). Furthermore, the resolution of "doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." State v. Altman, 15 N.C. App. 257, 260, 189 S.E.2d 793, 795 (1972) (citation omitted).
In this case, the affiant, Detective Holden, attested that the confidential and reliable informant had provided corroborated information in the past. Holden also attested that the informant was deemed reliable. Holden's attestations were statements of fact that the magistrate used to determine probable cause toward the belief that a search of defendant's residence could lead to the discovery of contraband. Per this Court's holding in Riggs, that determination  that probable cause existed  was valid. 328 N.C. at 219, 400 S.E.2d at 433.
Thus, the trial court did not err in concluding that the magistrate had a substantial basis to conclude that controlled substances might have been found at defendant's residence.

IV
Defendant next argues that the trial judge erred when he refused to dismiss the possession of cocaine charge at the close of the State's case based on insufficiency of the evidence. Defendant contends that the State did not produce sufficient evidence to establish an inference that she constructively possessed cocaine.
In ruling on a motion to dismiss, a court must consider all evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences which can be drawn from the evidence. State v. Rasor, 319 N.C. 577, 585, 356 S.E.2d 328, 333 (1987). If the non-moving party demonstrates "substantial evidence of each essential element of the offense" and substantial evidence that the defendant is the perpetrator, then the motion to dismiss should be denied. State v. Bullard, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). "Substantial evidence is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Cox, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981). If the evidence supports a reasonable inference of defendant's guilt, then a court must deny a motion to dismiss, even though the evidence could also allow "a reasonable inference of the defendant's innocence." State v. Butler, 356 N.C. 141, 145, 567 S.E.2d 137, 140 (2002).
To be guilty of possession of contraband, a defendant must have actual physical possession of the materials or must possess the materials constructively. State v. Matias, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001). A defendant constructively possesses contraband when he or she has the "intent and capability to maintain control and dominion over" it. State v. Beaver, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986). Defendant may have the power to control the contraband alone or jointly with others. State v. Fuqua, 234 N.C. 168, 170-71, 66 S.E.2d 667, 668 (1951). If a defendant does not maintain exclusive possession of a place where contraband is found, the State must show other incriminating circumstances that will allow the jury to find constructive possession. Matias, 354 N.C. at 552, 556 S.E.2d at 271.
The State may overcome a motion to dismiss "by presenting evidence which places the accused within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession." State v. Brown, 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984) (quotations and citations omitted) (finding incriminating circumstances where defendant had a key to the apartment where cocaine was found, he was standing next to a table on which cocaine and drug paraphernalia was found, and he had a large amount of cash in his pockets).
In this case, defendant was charged with and found guilty of felony possession of cocaine. N.C. Gen. Stat. § 90-95(d)(2) (2007). Defendant claims that the trial judge erred when he failed to dismiss the possession of cocaine charge; she contends that an inference of constructive possession does not arise since she shared the house with another adult. We disagree.
"The State is not required to prove that defendant owned the controlled substance, or that defendant was the only person with access to it." State v. Rich, 87 N.C. App. 380, 382, 361 S.E.2d 321, 323 (1987) (citations omitted). Our Supreme Court has listed two factors that courts consider in finding a defendant guilty of constructive possession: "defendant's proximity to the contraband and indicia of the defendant's control over the place where the contraband is found." State v. Miller, 363 N.C. 96, 100, ___ S.E.2d ___, ___ (2009).
Here, defendant was found in close proximity to the cocaine in her own residence, over which she had dominion. The controlled substances were found in various locations within the residence, including defendant's bedroom, where defendant's clothes, purse, and driver's license were found. Bags used for storing and packaging cocaine and equipment used to weigh cocaine were found in various locations within the residence. The cocaine, packaging bags, and other equipment were in plain view and easy access of defendant. Furthermore, there was no evidence of the presence of any other adult in the bedroom where cocaine and packaging bags were found. All of this evidence taken together created incriminating circumstances that allowed the trial judge to send the case to the jury. The jury may infer constructive possession of contraband from the fact that defendants lived there and exercised control over the premises. State v. Peek, 89 N.C. App. 123, 126, 365 S.E.2d 320, 323 (1988) (finding constructive possession where contraband was found in four different rooms, some in plain view and some hidden, even though an acquaintance of the defendant was present in the house when officers arrived).
In examining the evidence in the light most favorable to the State, we conclude that direct and circumstantial evidence presented by the State was sufficient to establish an inference of constructive possession. Thus, we find the trial court did not err on this issue.

IV
We hold that the trial judge did not err when he refused to suppress evidence that was discovered and seized from defendant's residence during the search conducted by detectives of the Onslow County Sheriff's Department. The search warrant was not defective because it contained a sufficient description of the premises to be searched. Additionally, the warrant was based on probable cause since it was accompanied by an affidavit in which Detective Holden attested to the reliability of the informant based on Detective Holden's past experience with the informant. The trial judge also did not err when he refused to dismiss the possession of cocaine charge at the close of the State's case based on insufficiency of the evidence. The State produced sufficient evidence to establish an inference that defendant constructively possessed cocaine and this inference was adequate to send the case to the jury.
No error.
Judges STROUD and ERVIN concur.
Report per Rule 30(e).