STATE OF NORTH CAROLINA v. RUFUS HARRILL

No. 7727SC724

(Filed 7 February 1978)

1. **Criminal Law § 87; Witnesses § 1— failure to state basis for objection—competency of witness—failure to hold voir dire**

     Where a party seeking to challenge the competency of a witness makes objection but fails to state any basis therefor, the trial court does not abuse its discretion in refusing to allow a *voir dire* to determine the competency of the witness.

2. **Criminal Law § 99.5— admonishment of defense counsel—no expression of opinion**

     The trial judge did not express an opinion in violation of G.S. 1-180 when on two occasions he interrupted defense counsel and admonished him not to interrupt the State's witnesses.

3. **Criminal Law § 34.7— evidence showing other crimes—admissibility to show aggressive attitude**

     In this prosecution for a felonious assault by beating the victim with fists and kicking him with heavy boots, evidence of statements made by defendant on the morning after the crime to the effect that he had "whipped" other persons and could do so again was relevant to show defendant's overly aggressive attitude and was admissible even though it may have shown defendant guilty of other crimes.

4. **Assault and Battery § 16.1— felonious assault—failure to charge on simple assault—serious injuries**

     In this felonious assault prosecution in which defendant was convicted of assault inflicting serious bodily injury, the trial court did not err in failing to instruct the jury on simple assault since all of the evidence tended to show that the victim received serious injuries in that he was bleeding from numerous cuts and from his mouth and ears, was missing a tooth, had multiple bruises about the face and back, and was hospitalized in intensive care for two days.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 5 May 1977 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 13 January 1978.

Defendant was charged in a bill of indictment with assault with a deadly weapon with intent to kill inflicting serious injury. He pleaded not guilty.

The State presented evidence tending to show the following: On 11 February 1977, Robert Barrett was living in an apartment with defendant and had given defendant money to pay for the

rent and gas bill. Shirley Cornelius was also staying there. During the night of 11 February defendant hit Barrett with his fists and kicked him with heavy, leather boots. Defendant beat Barrett all night and at one point threatened to kill Barrett. Barrett did not provoke the beating and being in poor physical condition, was unable to fight back or protect himself. As a result of this beating, Barrett was hospitalized in intensive care for two days.

Officer Preston Cherka of the Shelby Police Department went to the apartment around 11:00 a.m. the next morning. Defendant, Barrett and Cornelius were all present at this time. Officer Cherka observed blood and multiple bruises on the person of Barrett. Officer Dale Ledbetter also arrived at the residence that day; later, at his office, Officer Ledbetter observed that Barrett was bleeding from numerous cuts, was missing a tooth and was badly bruised about the face and back. Officer Ledbetter also observed defendant, whom he described as a heavily built individual with good muscle tone appearing to be in good health.

While in Officer Ledbetter's office, defendant and Cornelius got into an argument during which defendant made statements to the effect that he had "whipped" several persons in the past and was confident of his ability to do so again.

Defendant's evidence tended to show that on 11 February 1977, he was the sole resident of the apartment and that Barrett and Cornelius were just visiting him. Barrett came to stay with defendant in late January and defendant told Barrett that Barrett could stay in the apartment for some thirty days while defendant went to the hospital. During the next several weeks, defendant supported Barrett and Barrett's drinking habit, though Barrett did receive a small disability check on one occasion.

On the evening of the incident, Barrett showed up at the apartment "pretty boozed up." Barrett and defendant had discussions about Barrett's trying to pawn off defendant's watch and vacuum cleaner. Shirley Cornelius arrived later, and she and Barrett got into an argument. During this argument Barrett attempted to use the telephone, but defendant refused to allow him. Barrett proceeded to use it anyway and defendant shoved Barrett over the end of the couch onto the floor. Barrett continued to try to use the telephone and in the process kicked defendant in the leg where defendant had recently suffered third degree burns. At

this point, defendant had to get rough with Barrett and slapped or hit him several times. A broken bottle, with which Barrett had hit defendant on the hand, might have caused Barrett to bleed.

From a jury verdict of guilty of assault inflicting serious bodily injury, defendant was sentenced to eighteen (18) months in the Department of Correction. He appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Donald W. Grimes, for the State.*

*Assistant Public Defender F. Douglas Canty, for the defendant.*

MARTIN, Judge.

[1] Defendant contends that the trial court erred in denying defendant's motion for a *voir dire* to determine the competency of witness Barrett. At the time Barrett was called to testify, defendant objected and made a motion for a *voir dire* as to the witness's competency. The trial court denied the motion and allowed Barrett to testify. Defendant argues that he is entitled as a matter of right to a preliminary examination of a witness whose competency is challenged.

It is well settled law that the competency of a witness to testify is to be determined at the time the witness is called to testify; and such determination rests mainly, if not entirely, in the sound discretion of the trial judge in light of his examination and observation of the particular witness. *State v. Wetmore,* 287 N.C. 344, 215 S.E. 2d 51 (1975); *State v. Cooke,* 278 N.C. 288, 179 S.E. 2d 365 (1971). Defendant's contention thus presents the question whether a party making timely objection to the competency of a witness is entitled as a matter of right to a *voir dire* determination of such competency.

We are of the opinion and so hold that where, as in the case at bar, a party seeking to challenge the competency of a witness makes objection but *fails to state any basis therefor*, the trial court does not abuse its discretion by refusing to allow a *voir dire* determination of the witness's competency. Defendant stated no grounds for his objection which appear of record and has failed to allege any grounds in his brief.

This assignment of error is overruled.

[2]   Defendant next contends that the trial judge committed prejudicial error, in violation of G.S. 1-180, by his comments to defense counsel. On two occasions the trial judge interrupted defense counsel and admonished him not to interrupt the State's witness. Defendant argues that the trial judge's admonition tended to belittle defense counsel in the eyes of the jury and conveyed the impression that the judge favored the prosecution. This contention is without merit.

It is clear that the trial judge was merely exercising his duty and inherent authority to control the court proceedings and to assist the jury in hearing and comprehending the evidence. Moreover, this Court has held that the remarks of a judge during the trial will not entitle a defendant to a new trial unless the defendant can establish prejudice arising therefrom; a bare possibility that they were prejudicial is insufficient. *State v. Walsh*, 19 N.C. App. 420, 199 S.E. 2d 38 (1973). In the instant case, defendant has failed to show prejudice.

[3]   Defendant further contends that the admission into evidence of certain statements allegedly made by defendant was prejudicial error. A State's witness was allowed to testify on direct examination that during the argument with Cornelius in Officer Ledbetter's office, defendant stated, among other things, that he "whipped Jack Bell over Snake" Barrett; that he "will whip John Davis . . . when he meets him"; that when he hits a man, "he's hit"; and that if Officer Ledbetter would meet him on the street, "the first time I hit you, I'll lay you out." Defendant argues that these statements constitute evidence of other crimes, and cites the rule that evidence of other crimes is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused, or his disposition to commit an offense in the nature of the one with which he is charged. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954).

In our opinion the evidence of the statements made by defendant on the morning after the assault was relevant to show his extremely bellicose and overly aggressive attitude at that time and thus was relevant on the issue of his guilt of the offense for which he was tried. It was not rendered incompetent because it may have incidentally shown him guilty of other offenses. 1 Stansbury's N.C. Evidence (Brandis Revision), § 91. This assignment is overruled.

**[4]** Finally, defendant contends that the trial court erred in failing to submit to the jury the lesser offense of simple assault.

The necessity for instructing the jury as to an included crime of lesser degree than that charged arises only when there is evidence from which the jury could find that such lesser included offense was committed. "The presence of such evidence is the determinative factor." *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971); *State v. Williams*, 31 N.C. App. 111, 228 S.E. 2d 668 (1976).

In the instant case, there can be no doubt from the evidence adduced at trial that if an assault occurred, it was an assault inflicting serious injury. State's witnesses testified that Barrett was bleeding from numerous cuts and from his mouth and ears, was missing a tooth, and had multiple bruises about his face and back. As a result of these injuries, Barrett was hospitalized in intensive care for two days. Thus, defendant was not entitled to an instruction on simple assault and no error arises from the failure of the court to so instruct. This assignment is overruled.

In the trial we find no prejudicial error.

No error.

Judges PARKER and ARNOLD concur.