STATE OF NORTH CAROLINA v. BARBARA TAYLOR

No. COA99-1488

(Filed 29 December 2000)

**1. Appeal and Error— no motion for post-conviction hearing or appropriate relief—no further factual development**

An assault defendant alleging inadequate representation waived her opportunity to develop additional factual matters, and the Court of Appeals was bound by the record on appeal, where she did not file motions for a post-conviction hearing or for appropriate relief with the court below prior to the appeal.

STATE v. TAYLOR

[141 N.C. App. 321 (2000)]

**2. Constitutional Law— effective assistance of counsel— acceptance of plea bargain—defendant advised by judge— no prejudice**

An assault defendant alleging inadequate representation failed to show how the result of the proceedings would have been any different absent the alleged deficient performance where defendant contended that her failure to accept a plea bargain was the result of inadequate information provided by counsel, but the record clearly reflects that defendant was carefully advised by the trial judge of both her possible sentence and the plea bargain. Any alleged deficiency by the defense counsel was corrected by the trial judge. Additionally, the evidence of defendant's guilt is supported by the record.

**3. Judges— active role in trial—alleged deficiencies by counsel—no prejudice**

There was no prejudicial error in an assault prosecution where defendant contended that the trial court prejudiced defendant in the eyes of the jury by taking an active role in assisting defense counsel. All of the court's actions were taken to protect defendant's rights and to ensure that she received a fair trial. Defendant failed to show that the ultimate resolution was not a fair trial with a reliable result.

**4. Appeal and Error— unpublished opinions—not considered**

A defendant's assignment of error concerning notice of counsel's inability to represent criminal defendants was dismissed where the alleged notice was contained in an unpublished opinion in a another case. Unpublished opinions are not considered by the Court. N.C. R. App. P. 30(e).

Appeal by defendant from judgments entered 2 April 1998 by Judge Gregory A. Weeks in Anson County Superior Court. Heard in the Court of Appeals 18 October 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Poisson, Poisson, Bower & Clodfelter, by T. Lynn Clodfelter, for defendant-appellant.*

STATE v. TAYLOR

[141 N.C. App. 321 (2000)]

HUNTER, Judge.

Barbara Taylor ("defendant") appeals from her jury conviction of felonious assault with a deadly weapon with intent to kill inflicting serious injury and misdemeanor injury to personal property. This appeal encompasses one primary issue: whether defendant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. After a careful review of the records and briefs, we hold that defendant was not denied effective assistance of counsel.

Premised on the effective assistance of counsel issue, defendant asserts several assignments of error: (1) whether the trial court committed prejudicial error by failing to declare a mistrial and/or a continuance after having observed defense counsel's alleged ineffective assistance of counsel, (2) whether the trial court committed plain error by allowing defendant to be represented by alleged inadequate, incompetent, ineffective counsel, (3) whether the trial court committed prejudicial error in taking an active role in the representation of defendant, and (4) whether this Court committed prejudicial error by allowing defendant to be represented by defense counsel after our decision in an unpublished opinion involving the same attorney. We hereby find no error as to defendant's first three assignments of error, and as to the fourth, we dismiss the assignment.

At trial, the State's evidence tended to show that after midnight on 17 February 1997, Elvis Lilly ("victim") drove to defendant's home to speak with his wife, Marian Sabrina Lilly ("Mrs. Lilly"), who was having an affair with defendant. An argument ensued between the victim and Mrs. Lilly, and that argument soon turned physically violent. Shortly thereafter, defendant, who had been away from home, drove up and witnessed the fight taking place in her front yard. Eventually, defendant joined in the affray. Ultimately, defendant knocked out a window of the victim's van with a baseball bat, and the fight ended when defendant struck the victim on the side of the face with the bat.

Defendant was tried during the 31 March 1998 Criminal Session of Superior Court of Anson County, the Honorable Gregory A. Weeks presiding. The jury found defendant guilty of felonious assault with a deadly weapon with intent to kill inflicting serious injury and misdemeanor injury to personal property. Judge Weeks entered judgments on the jury conviction on 2 April 1998, and defendant was subsequently sentenced to a term of imprisonment.

In the instant action, the crux of defendant's claims involve her trial and the performance of her defense counsel. At trial, defendant was represented by her court-appointed attorney, A. Milton Cornwell ("defense counsel"). Defendant did not object or make a motion as to her counsel being ineffective at trial, and furthermore, she failed to file a timely notice of appeal after trial. Consequently, defendant had to file a petition for writ of certiorari seeking belated appeal with this Court. Upon the grant of her petition, a hearing was held in superior court and attorney T. Lynn Clodfelter was appointed to represent defendant on this appeal.

At bar, defendant contends that defense counsel at trial was so lacking in the ability to represent a defendant charged with a criminal offense that the transcript reflects a total absence of knowledge of the law, preparation, understanding, strategy, or courtroom skill on defense counsel's behalf. This claim in essence encompasses an ineffective assistance of counsel challenge.

[1] Before considering defendant's allegation of ineffective assistance of counsel, we note that defendant did not file motions for a post-conviction hearing or for appropriate relief with the court below prior to taking this appeal. When an ineffective representation claim is made "before an appellate court on direct review of a criminal conviction . . . that court is necessarily bound by the record of the trial proceedings below." *State v. Milano*, 297 N.C. 485, 496, 256 S.E.2d 154, 160 (1979), *overruled on other grounds, State v. Grier*, 307 N.C. 628, 645, 300 S.E.2d 351, 361 (1983); *see also State v. Goforth*, 130 N.C. App. 603, 605, 503 S.E.2d 676, 678-79 (1998). Therefore, defendant has foregone her opportunity to develop any additional factual matters, and our review is bound by the record on appeal.

[2] In *State v. Braswell*, 312 N.C. 553, 324 S.E.2d 241 (1985), our North Carolina Supreme Court adopted the two-part test for determining whether a defendant received effective assistance of counsel as set out in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984). This test entails:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so seri-

ous as to deprive the defendant of a fair trial, *a trial whose result is reliable.* (Emphasis added.)"

*Braswell,* 312 N.C. at 562, 324 S.E.2d at 248 (quoting *Strickland,* 466 U.S. at 687, 80 L. Ed. 2d at 693).

Under this analysis

"[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

*State v. Mason,* 337 N.C. 165, 177-78, 446 S.E.2d 58, 65 (1994) (quoting *Strickland,* 466 U.S. at 689, 80 L. Ed. 2d at 694).

Importantly, "if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." *Braswell,* 312 N.C. at 563, 324 S.E.2d at 249. Thus, rather than determining if defense counsel's performance was deficient in this action, we instead analyze defendant's claims to determine whether absent defense counsel's alleged errors the result would have been different.

"The fact that counsel made an error, even an unreasonable error, does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Braswell,* 312 N.C. at 563, 324 S.E.2d at 248. Moreover, "[t]he question becomes whether a reasonable probability exists that, absent counsel's deficient performance, the result of the proceeding would have been different." *State v. Moorman,* 320 N.C. 387, 399, 358 S.E.2d 502, 510 (1987).

Defendant has failed to show this Court how the result of the proceedings would have been any different absent defense counsel's alleged deficient performance. In fact, the only two claims drawn out of defendant's arguments that allege a different result are that (1) defense counsel's failure to review the possible sentences with defendant limited defendant's ability to make an educated and

informed decision on whether to proceed with trial, and (2) defendant's failure to take a plea bargain is the result of the deficient information provided to defendant by defense counsel. However, defendant's assertions are not supported by the record.

In actuality, both alleged deficiencies of defense counsel at trial were clarified for defendant on the record by the trial judge. At trial, the following dialogue between defendant and the trial judge transpired with regards to sentencing:

> COURT: . . . You have the absolute right to try your case before a jury. . . . Do you understand what I'm saying?
>
> DEFENDANT: Yes, sir.
>
> . . .
>
> COURT: . . . If you are convicted of a Class C felony and if you in fact fall under record level two the mandatory minimum sentence that I could impose could be 80 months in prison.
>
> DEFENDANT: I know, sir.
>
> COURT: . . . There is no discretion on my part. I have to send you to prison for at least 80 months to 105, as much as 100 months to 129. Do you understand that?
>
> DEFENDANT: Yes, sir.

Then, with regards to the plea bargain, the following dialogue between defendant and the trial judge occurred:

> COURT: I'm informed that the State has offered you a Class E plea and willing to stipulate to intermediate punishment.
>
> . . .
>
> COURT: It is your absolute right to say I understand that plea; I don't want that plea; I want my case tried by a jury. But I want you to understand, ma'am, if this jury convicts I have to send you to prison.
>
> DEFENDANT: And if I plea bargain I'll still be sentenced to prison.
>
> COURT: No. That's up to me. . . .
>
> MR. CORNWELL: May I clarify one thing for her, Your Honor, because she's still confused.

STATE v. TAYLOR

[141 N.C. App. 321 (2000)]

COURT: That's what I wanted to make sure, that she understood the plea arrangement.

COURT: If it's an intermediate level punishment which is what I understand they're offering you, if it's record level two the range involved is 23 months and 29 months minimum which translates into 37 to 44 maximum, but I have the discretion to impose probation, special probation which would include a split sentence, or an active sentence. I could do any one of those three things. Do you understand what I'm saying?

DEFENDANT: I understand what you're saying.

COURT: . . . Now it's your right to go forward with this jury trial if that's what you want to do. I simply want to make sure you understand what the plea offer is . . . . Do you understand what I'm saying?

DEFENDANT: I understand.

COURT: Do you understand you have an absolute right to go forward?

DEFENDANT: I'm going to try it.

. . .

MR. CORNWELL: Your Honor, I would like the record to reflect she is doing so against my advice.

. . .

DEFENDANT: . . . I'd really just rather take my chances . . . .

. . .

DEFENDANT: I'd rather go to try this.

The record clearly reflects that defendant was carefully advised by the trial judge of both her possible sentence and the plea bargain. Any alleged deficiency that defense counsel may have had in explaining either was corrected by the trial judge's clear, deliberate steps to explain the sentence and plea to defendant. Based on the trial judge's explanation, defendant made an educated and informed decision to proceed (against the advice of defense counsel) with the jury trial and to reject the State's offered plea bargain. Defendant cannot now object and claim that she was prejudiced, when she made the educated, informed decision to proceed on her own accord.

Furthermore, we have reviewed each of defendant's other allegations of defense counsel's alleged deficient actions, and we find that none of them present any prejudice to defendant's case or would affect the prior resolution of this matter. Additionally, the evidence of defendant's guilt is supported by the record. While defendant does bring forward on appeal evidence at trial that raises doubt as to defendant being the perpetrator of these offenses, the credibility and weight of that evidence was properly taken into account by the jury, which found defendant guilty.

Hence, after a review of the record, we do not find anything in defense counsel's performance which overcomes the strong presumption that his conduct fell within the wide range of reasonable professional assistance. Nevertheless, even assuming defense counsel committed errors at trial, those alleged errors were not so serious as to deprive defendant of a fair trial which result was reliable. Therefore, we hold that defendant was not denied effective assistance of counsel.

Having made that determination, we proceed to an analysis of defendant's specific assignments of error *sub judice*. First, we combine two of defendant's assignments of error as they are both based on the ineffective assistance of counsel claim. In her arguments, defendant contends that the trial court committed (1) prejudicial error by failing to declare a mistrial and/or a continuance, and (2) plain error by allowing her to be represented by an alleged inadequate, incompetent, ineffective counsel after the court observed defense counsel's performance at trial. As we have held *supra*, defendant's claim of ineffective assistance of counsel has failed, and defense counsel did not prejudice the outcome of the trial. Therefore, defendant's arguments are moot and we need not address them here. Thus, we overrule these assignments of error and hold that the trial court committed no error.

[3] Defendant next assigns error and argues that the trial court committed prejudicial error by taking an active role in the representation of defendant. Again, we disagree with defendant's contentions and reject this assignment of error.

In her brief, defendant sets out approximately eleven instances in which the trial court allegedly committed error by taking an active role in assisting defense counsel, prejudicing defendant in the eyes of the jury, and failing to set aside the verdict or declare a mistrial or continuance. Chief among defendant's claims are instances where the

trial judge allegedly (1) reminded defense counsel to renew his motion to dismiss, (2) asked witnesses questions, (3) independently inquired of defendant whether she wanted to publish pictures to the jury, (4) explained the charges, sentencing, and plea bargain to both defendant and defense counsel, (5) interfered in the presentation of defendant's witnesses, in particular Mrs. Lilly, which misled defense counsel into believing the he was prevented from allowing her to testify, (6) explained "leading questions," "limiting instructions," and "cross-examination" to defense counsel in the presence of the jury, and (7) failed to set aside the verdict or declare a mistrial or continuance after having observed the alleged deficient performance of defense counsel.

A trial judge has the "inherent authority to control the court proceedings and to assist the jury in hearing and comprehending the evidence." *State v. Harrill*, 35 N.C. App. 222, 225, 241 S.E.2d 94, 97 (1978). With this authority comes, "the duty of the trial court to supervise and control the course of the trial, including the examination and cross-examination of witnesses, so as to insure justice for all parties." *State v. Agnew*, 294 N.C. 382, 395, 241 S.E.2d 684, 692 (1978). Furthermore, a trial judge has the additional duty to question a witness to clarify the witness's testimony or to elicit neglected pertinent facts. *State v. Fleming*, 350 N.C. 109, 126, 512 S.E.2d 720, 732, *cert. denied*, 528 U.S. 941, 145 L. Ed. 2d 274 (1999).

Most important for our purposes here, "the remarks of a judge during the trial will not entitle a defendant to a new trial unless the defendant can establish prejudice arising therefrom; a bare possibility that they were prejudicial is insufficient." *Harrill*, 35 N.C. App. at 225, 241 S.E.2d at 97.

We reiterate that after reviewing each of defendant's claims, we find no prejudice nor any likelihood that the result of the trial would have been any different absent these alleged errors. Here, defendant has failed to show how any of the trial judge's comments or actions prejudiced defendant before the jury. Furthermore, the trial judge's inquiry of Mrs. Lilly prior to testifying was not prejudicial. The hearing with Mrs. Lilly was done outside the presence of the jury and was for the express purpose of advising her of her Fifth Amendment right against self-incrimination. Nevertheless, this hearing served to protect the rights and interests of the witness, and was clearly within the trial judge's authority to supervise and control the trial pursuant to *Harrill*, *Agnew* and *Fleming*. Additionally, defendant's argument is rendered moot as Mrs. Lilly did in fact testify later in the trial.

All of the trial court's actions *sub judice* were undertaken to protect defendant's rights and to ensure that she received a fair trial. In those instances in which defense counsel's performance was arguably lacking, the trial court ensured that defendant's case was not prejudiced. For example, the trial court on the record informed defendant of her possible sentencing, her plea bargain, and asked her directly whether she wished to proceed to trial with the case or to take the plea bargain. At bar, defendant has failed to show any prejudice or that the ultimate resolution was not a fair trial whose result was reliable. Thus, we find no error.

[4] Finally, we consider defendant's last assignment of error: whether this Court committed prejudicial error by allowing defendant to be represented by defense counsel after our decision in an unpublished opinion involving the same attorney, which allegedly informed this Court and the trial court of defense counsel's inability to represent a criminal defendant. We dismiss defendant's assignment of error.

Defendant's only authority for this assignment of error is an aforementioned unpublished opinion. This Court declines to consider unpublished opinions cited by a party. *Harris v. Duke Power Co.*, 83 N.C. App. 195, 199, 349 S.E.2d 394, 397 (1986). Hence, we remind counsel of our North Carolina Appellate Rules, specifically N.C.R. App. P. 30(e), which prohibit the citation of unpublished opinions and use thereof as precedent. *Long v. Harris*, 137 N.C. App. 461, 470-71, 528 S.E.2d 633, 638-39 (2000). For this reason, defendant's assignment of error is dismissed.

Thus, after reviewing the record in this case, we hold that it is not reasonably probable that the jury would have reached a different result had none of the alleged errors of counsel occurred. Therefore, defendant was not denied effective assistance of counsel, and she received a fair trial free from prejudicial error. Moreover, the trial court did not commit error in assisting defense counsel and defendant below.

No error.

Judges LEWIS and WYNN concur.