CACV OF COLORADO, LLC, Plaintiff,
v.
TRACY E. WELLS, Defendant.
No. COA08-195
Court of Appeals of North Carolina.
Filed September 16, 2008
This case not for publication
Sessoms & Rogers, P.A., by Pedro J. Zabala, II, for plaintiff-appellee.
Johnson & Moore, P.A., by Kimberly L. Moore, for defendant-appellant.
BRYANT, Judge.
Tracy E. Wells (defendant) appeals from an order entered 7 September 2007 confirming an arbitration award and granting judgment in favor of CACV of Colorado, LLC (plaintiff), and from an order entered 12 October 2007 denying her motion to vacate the arbitration award.
On 19 September 2006, plaintiff filed a motion for an order confirming an arbitration award issued 16 December 2004. The arbitration award was granted against defendant in the amount of $8,200.81 based on non-payment of a credit card balance originally owned by MBNA. Plaintiff purchased the debt from MBNA and proceeded to collect the amount owed from defendant through arbitration.
Plaintiff served defendant with notice of the motion for an order confirming the arbitration award on 27 September 2006. On 5 October 2006, defendant filed a response to plaintiff's motion and requested a hearing. However, on 6 November 2006, an order was entered affirming the arbitration award and granting judgment. In the order, the court found that "defendant has neither appeared nor filed any responsive pleadings to the motion and more than thirty (30) days have passed since service was obtained."
In response, on 27 November 2006, defendant filed a motion to set aside the judgment on the basis that she did in fact respond to the notice of hearing. Subsequently, an order was entered 8 January 2007 setting aside the arbitration award and judgment. Upon plaintiff's motion, the case came on for hearing on 13 July 2007 and was continued until 28 August 2007 in order for plaintiff to provide a copy of the arbitration agreement. On 1 August 2007, defendant filed a motion to vacate the arbitration award. At the 28 August 2007 hearing, the arbitration award was confirmed in open court and an order was entered 7 September 2007. An order was entered 12 October 2007 denying defendant's 1 August motion to vacate the arbitration award. Defendant appeals.
On appeal, defendant argues the trial court erred by: (I) confirming the arbitration award when there was no determination that a valid arbitration agreement existed; (II) applying the Revised Uniform Arbitration Act; (III) reflecting in the judgment that Defendant did not appear in the action; and (IV) denying Defendant's motion to vacate the arbitration award.

I and IV
Defendant attempts to argue the trial court erred in confirming the arbitration award because no valid arbitration agreement was submitted to the court. However, we note that defendant did not raise this contention below. Town of Chapel Hill v. Burchette, 100 N.C. App. 157, 159-60, 394 S.E.2d 698, 700 (1990) ("A contention not raised in the trial court may not be raised for the first time on appeal."). Furthermore, defendant failed to object to the arbitration proceedings as required by N.C. Gen. Stat. § 1-569.9 (2003) (amended 2004) (requiring a person to object to lack or insufficiency of notice before the arbitration hearing begins); see also N.C. Gen. Stat. § 1-569.23 (court shall vacate arbitration award if there was no agreement to arbitrate unless the person participated in the arbitration agreement without objection). Additionally, defendant's letter dated 5 October 2006 requesting a hearing on plaintiff's motion for judgment did not contest whether an arbitration agreement existed, but challenged only whether the information used during the arbitration was accurate. Also, defendant's 27 November 2006 motion to set aside judgment indicated she contacted the arbitrator regarding the validity of the facts, not the validity of the arbitration agreement. Because defendant failed to properly preserve these issues for appeal, these assignments of error are dismissed.

II
Defendant also argues the trial court erred by applying the Revised Uniform Arbitration Act (RUAA) codified in Article 45C of the North Carolina General Statutes because there is no indication the arbitration agreement was made on or after 1 January 2004.[1] Specifically, defendant argues the previous version of North Carolina's Arbitration Act requires a party to apply for confirmation of an arbitration award within 90 days of the award. Defendant cites as authority for this proposition only an unpublished opinion by this Court but has not complied with N.C. R. App. P. 30(e)(3) by providing a copy of the unpublished opinion. See State v. Taylor, 141 N.C. App. 321, 330, 541 S.E.2d 199, 205 (2000) ("This Court declines to consider unpublished opinions cited by a party."). Nevertheless, upon close review of the statutes in force before the 2004 amendment, we are unable to discern a specific timetable in which a party is required to apply for confirmation of an arbitration award. See N.C. Gen. Stat. §§ 1-567.9, 1-567.12, 1-567.13 (repealed effective 1 January 2004). Therefore, this assignment of error is overruled.

III
In her final assignment of error, defendant attempts to argue the trial court erred by failing to conduct a hearing on defendant's motion to vacate.[2] However, there is no assignment of error in the record pertaining to the issue argued by defendant. Because defendant has failed to properly preserve this contention for review as required by N.C. R. App. P. 10(c)(1), this assignment of error is dismissed.
Affirmed in part, dismissed in part.
Judges JACKSON and ARROWOOD concur.
Report per Rule 30(e).
NOTES
[1] The RUAA governs arbitration agreements made on or after 1 January 2004. N.C. Gen. Stat. § 1-569.3 (2007).
[2] The trial court conducted a hearing on 15 October 2007 and noted that "Judge Jolly had a hearing on these issues on August 28th, 2007."