STATE OF NORTH CAROLINA v. WILLIAM DOUGLAS HODGE

No. 9410SC472

(Filed 2 May 1995)

**Criminal Law § 107 (NCI4th)— fingerprint analysis—failure to provide results to defendant—no error**

There was no merit to defendant's contention that the trial court erred in denying his motion for a mistrial or for a continuance because the State failed to provide defense counsel with notice that a fingerprint analysis had been performed on an evidentiary item and failed to provide defendant with such fingerprint analysis, since fingerprints on the bottle were smudged, no meaningful analysis could be conducted, and there was no exculpatory evidence for the State to suppress.

**Am Jur 2d, Criminal Law § 799.**

**Right of accused in state courts to have expert inspect, examine, or test physical evidence in possession of prosecution—modern cases. 27 ALR4th 1188.**

Appeal by defendant from judgment entered 10 November 1993 by Judge Coy E. Brewer, Jr., in Wake County Superior Court. Heard in the Court of Appeals 25 January 1995.

In 1993, defendant was charged with maintaining a dwelling for the keeping and selling of controlled substances in violation of N.C. Gen. Stat. § 90-108(a)(7) and possession with intent to sell and deliver crack/cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1).

The State's evidence tended to show that on 17 March 1993, law enforcement officers obtained a search warrant for defendant's residence. On 18 March 1993 at about 8:10 p.m., a team of officers gathered at various locations on defendant's property to conduct surveillance and to execute the search warrant.

Detective Kevin Herring testified that he was stationed in the middle of a path, among some junk vehicles. His first location was about thirty feet from a dump truck. After seeing a vehicle pull up, Herring saw a black male walk to the dump truck. The man fumbled around in the back of the dump truck, and Herring heard a clicking sound. The man then walked back towards the residence.

Herring further testified he later moved to within "twenty-one heel-to-toe steps" from the dump truck. He saw another vehicle pull into the front yard of the residence and saw the same black male exit the back door. With binoculars Herring was able to identify the black male as the defendant. Defendant was carrying a flashlight, and Herring saw him reach into the back of the dump truck and pull out a medicine bottle. Defendant removed the cap from the medicine bottle, and Herring heard the same clicking he had heard earlier. Defendant returned the bottle to the trash in the back of the dump truck.

Shortly after 11:00 p.m., the officers executed the search warrant. They found the medicine bottle in the back of the dump truck. It contained eighteen plastic baggies, each containing three rocks of crack cocaine.

Detective Ricky Stone testified, on recall, that he submitted the medicine bottle to the City-County Bureau of Identification, but that the bureau could not match any fingerprints on the bottle. He stated that because there were no matches, he received no report. On cross-examination Stone testified he called the bureau when he did not receive a report and was informed that the fingerprints were smudged and no matches could be made. Defendant moved for a mistrial alleging that the State did not provide him with certain exculpatory evidence as required in the rules of *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963). Alternatively, he moved for a mistrial or for a continuance. The trial court denied the motions.

The jury found defendant guilty of possession with intent to sell and deliver cocaine but found him not guilty of maintaining a dwelling for the keeping of controlled substances. From a judgment imposing a prison sentence of ten years, defendant appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney General James P. Erwin, Jr., for the State.*

*Gary L. Presnell for defendant appellant.*

McGEE, Judge.

Defendant first argues that the trial court erred in denying his motion for a mistrial "when the State failed to provide defense counsel with notice that a fingerprint analysis had been performed on an evidentiary item and failed to provide defendant with such fingerprint analysis." We disagree.

## STATE v. HODGE

[118 N.C. App. 655 (1995)]

N.C. Gen. Stat. § 15A-910 (1988) governs the regulation of discovery in criminal cases and empowers the court to apply sanctions for noncompliance, including declaring a mistrial upon a party's failure to comply with this Article. G.S. 15A-910(3a). Although the court has the authority to impose such discovery violation sanctions, it is not required to do so. *State v. Morrow*, 31 N.C. App. 654, 658, 230 S.E.2d 568, 571 (1976), *cert. denied*, 297 N.C. 178, 254 S.E.2d 37 (1979), *overruled on other grounds by State v. Randolph*, 312 N.C. 198, 321 S.E.2d 864 (1984). "The sanction for failure to make discovery when required is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion." *State v. Herring*, 322 N.C. 733, 747-48, 370 S.E.2d 363, 372 (1988).

Originally, defendant requested voluntary discovery and later moved for discovery pursuant to *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963). The State disclosed, among other things, that a seized medicine bottle was within its possession, but did not disclose that a fingerprint analysis had been attempted on the bottle. Under *Brady*, we must examine the State's conduct to determine whether, after a request by the defense, the State suppressed material evidence which is favorable to defendant. *State v. Gaines*, 283 N.C. 33, 45, 194 S.E.2d 839, 847 (1973).

The evidence as presented at trial showed the State attempted to perform a fingerprint analysis of the medicine bottle but was unsuccessful because the condition of the bottle was such that no fingerprint comparisons could be made. Nothing could be matched to defendant or anyone else because the fingerprints were smudged and there were fingerprints over fingerprints. The existence or nonexistence of defendant's fingerprints on the medicine bottle would have been significant, but in this case, a fingerprint analysis of the medicine bottle was not possible and no actual report was generated. Because no meaningful analysis could be conducted, there was no exculpatory evidence for the State to suppress. Therefore, defendant cannot show that the suppressed evidence was favorable to him.

The argument that defendant could have employed his own fingerprint expert to examine the bottle had defendant known of the State's analysis fails because defendant was notified of the existence of the bottle and was free to conduct his own tests independent from any tests attempted by the State. The defendant failed to meet his burden under the *Brady* analysis and we find the trial court did not abuse its discretion by denying defendant's motion for a mistrial.

**STATE v. HODGE**

[118 N.C. App. 655 (1995)]

In the alternative to a mistrial, defendant argues that the trial court erred by denying his motion for a continuance under G.S. 15A-910(2). Specifically, defendant contends that his due process rights of notice and the opportunity to be heard were violated because the State did not notify him of the allegedly exculpatory fin-gerprint evidence. Consequently, defendant believes he was deprived of closer evaluation of the fingerprint evidence because he could have subpoenaed the State's fingerprint examiner to testify or he could have located a defense expert to conduct an independent evaluation of the fingerprints. We disagree.

Defendant argues *State v. Silhan*, 302 N.C. 223, 275 S.E.2d 450 (1981) supports his position. In *Silhan*, it was only upon cross-examination of a local crime scene technician that defendant learned of the existence of a Federal Bureau of Investigation fingerprint analysis report. This report concluded that none of the prints could be identified as being those of defendant. Based on this new information, the judge offered to give defendant "as much of a recess as he needed to deal adequately with the report." *Silhan* at 240, 275 S.E.2d at 465.

*Silhan* is distinguishable because in that case there was an actual report generated by the Federal Bureau of Investigation and the test results from that report were more conclusive than in this case. Our Supreme Court in *Silhan* discussed "a report from the Federal Bureau of Investigation which summarized the results of an analysis of fingerprints taken from the scene of the assaults. None of the prints could be identified as being those of defendant." *Id.* The condition of the medicine bottle in the present case prevented any meaningful analysis whatsoever of the fingerprints. No comparisons could be made because the fingerprints were smudged and there were prints on top of prints. The trial court did not abuse its discretion in denying defendant's motion for a continuance.

No error.

Judges LEWIS and WYNN concur.