STATE OF NORTH CAROLINA v. MUHUMMAD JAABER, DEFENDANT

No. COA05-853

(Filed 21 March 2006)

**Criminal Law— lost witness statements—mistrial denied**

The denial of a mistrial was not an abuse of discretion in a prosecution for armed robbery and breaking and entering where the State lost one or two pretrial witness statements. Defendant had the opportunity to cross-examine both witnesses, one of

STATE v. JAABER

[176 N.C. App. 752 (2006)]

whom was not present during the robbery; that witness testified that she had never before seen defendant and the other did not identify defendant as a participant in the robbery during a pretrial photographic line-up or in court; and the State presented substantial evidence of defendant's guilt from other witnesses. N.C.G.S. § 15A-501(6); N.C.G.S. § 15A-903(a).

Appeal by defendant from judgments dated 20 December 2004 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 February 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General Christine M. Ryan, for the State.*

*Gilda C. Rodriguez for defendant-appellant.*

BRYANT, Judge.

Muhummad Jaaber (defendant) appeals judgments dated 20 December 2004 entered consistent with jury verdicts finding him guilty of four counts of robbery with a dangerous weapon and one count of felonious breaking and entering. For the reasons below, we find no error.

## Facts and Procedural History

Defendant was indicted on 3 February 2003 by a Mecklenburg County Grand Jury for seven counts of robbery with a dangerous weapon, one count of second degree kidnapping and one count of felonious breaking and entering. Defendant and co-defendant Jamal Bullock were tried before a jury at the 13 December 2004 Criminal Session of the Superior Court for Mecklenburg County, the Honorable W. Robert Bell presiding. At the close of all the evidence, the trial court dismissed the charge of second degree kidnapping and one charge of robbery with a dangerous weapon.

On 17 December 2004, the jury returned guilty verdicts against defendant as to the charge of felonious breaking and entering and four of the charges of robbery with a dangerous weapon. The jury found defendant not guilty of the two remaining charges of robbery with a dangerous weapon. The trial court entered, consistent with the jury's verdicts, Judgment and Commitment Orders dated 20 December 2004, sentencing defendant to two consecutive terms of sixty-one to eighty-three months imprisonment.

On 14 December 2004, prior to the empaneling of the jury, defendant requested in open court that the State provide him with statements he believed should have been in the State's file. Defendant requested any writings taken by Officers D.W. Hobson, R.D. Boyce, and R.W. Searcy all of whom were involved in the police investigation and possibly took statements from potential witnesses. Defendant also requested any statements made by Silas Mobley, one of the robbery victims, and Wandra Caldwell, a resident of the home where the robbery occurred but who was not present at the time of the robbery. Both Mobley and Caldwell were later called as witnesses for the State and both testified they made statements to investigating officers but had not seen the statements since they were first taken.

The trial court ordered Detective Arvin Fant, the investigating officer in the case, to check his files and with the other officers to determine if there were any missing statements. Detective Fant sent e-mail messages to Officers Boyce and Hobson and later contacted them directly, discovering they had no additional notes or statements. There is no indication in the record that Detective Fant ever contacted Officer Searcy. Detective Fant also searched through "everything he knew to check" including the file in the Records Office and could not find any statements made by Mobley or Caldwell.

After further direction from the trial court, Detective Fant questioned Mobley and obtained a description of the officer who took Mobley's statement the day of the robbery. Detective Fant questioned three other officers involved in the investigation who matched the description given by Mobley and was unable to produce Mobley's statement. The State admitted Mobley likely gave a statement to an investigating officer, but the statement had been lost. As to the statement Caldwell testified as having made, in response to questioning by the trial court, Detective Fant stated that a statement was probably not taken from Caldwell. In light of the failure of the State to turn over any statements made by Mobley or Caldwell defendant made two motions for a mistrial, which the trial court denied. Defendant appeals.

---

Defendant raises the issue of whether the trial court erred in denying defendant's motion for a mistrial when the State was unable to provide defendant with two witness statements. Defendant argues the State's failure to provide him with the two witness statements is a violation of both Section 15A-501 and Section 15A-903 of the North

. Carolina General Statues and the trial court's denials of his motions for a mistrial were an abuse of the court's discretion.

Pursuant to Section 15A-501(6), a law enforcement officer "[m]ust make available to the State on a timely basis all materials and information acquired in the course of all felony investigations. This responsibility is a continuing affirmative duty." N.C. Gen. Stat. § 15A-501(6) (2005). Under Section 15A-903, "[u]pon motion of the defendant, the court must order the State to: (1) Make available to the defendant the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant. The term 'file' includes . . . witness statements . . . ." N.C. Gen. Stat. § 15A-903(a) (2005). If the trial court determines the State has failed to comply with the discovery requirements of Section 15A-903, the trial court may:

(1) Order the party to permit the discovery or inspection, or

(2) Grant a continuance or recess, or

(3) Prohibit the party from introducing evidence not disclosed, or

(3a) Declare a mistrial, or

(3b) Dismiss the charge, with or without prejudice, or

(4) Enter other appropriate orders.

N.C. Gen. Stat. § 15A-910(a) (2005).

The trial court is not required to impose any sanctions. However, prior to imposing any of the above sanctions, the trial court must "consider both the materiality of the subject matter and the totality of the circumstances surrounding an alleged failure to comply" with the discovery requirements. N.C. Gen. Stat. § 15A-910(b) (2005). We note and acknowledge the recent additions to the statutes governing police duties and criminal discovery described herein (N.C.G.S. §§ 15A-501(6), 903 and 910(b)). We further note that other than Section 15A-910(b), which requires additional consideration by the trial court prior to imposing sanctions, no mandatory procedures for violation of these statutes were prescribed. "Because the trial court is not **required** to impose any sanctions for abuse of discovery orders, what sanctions to impose, if any, are within the trial court's discretion." *State v. McCarver*, 341 N.C. 364, 383, 462 S.E.2d 25, 35 (1995) (emphasis added) (citing *State v. Alston*, 307 N.C. 321, 298

S.E.2d 631 (1983)). Further, "[a] mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." *State v. Blackstock*, 314 N.C. 232, 243-44, 333 S.E.2d 245, 252 (1985). "Whether to grant a motion for mistrial is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless it is so clearly erroneous as to amount to a manifest abuse of discretion." *McCarver*, 341 N.C. at 383, 462 S.E.2d at 36 (citing *State v. Ward*, 338 N.C. 64, 92-93, 449 S.E.2d 709, 724 (1994)).

In the instant case, both Mobley and Caldwell testified that they had given statements to investigating officers the night of the robbery. Defendant was never given copies of these statements and claims he was prejudiced thereby because he was unable to fully cross-examine Mobley or Caldwell without them. Defendant argues the first three sanctions allowed under Section 15A-910 were not available remedies because the statements were never produced, and therefore a mistrial or dismissal was warranted.

From the record before this Court it is apparent that the State took appreciable action to locate the statements requested by defendant. While it is of great concern that the State has apparently lost at least one, if not two, of the statements from witnesses regarding the crimes with which defendant is charged, in light of the totality of the circumstances and the materiality of the missing witness statements, we cannot conclude the trial court abused its discretion by refusing to grant a mistrial in this case.

At trial, defendant had an opportunity to cross-examine both Mobley and Caldwell about any statement they may have given to the investigating officers. While Mobley was one of the robbery victims, Caldwell was not even present during the robbery. Caldwell testified she had never before seen defendant, and Mobley did not identify defendant as a participant in the robbery in either a pre-trial photographic lineup or in court.

The State, however, presented substantial evidence from other witnesses of defendant's guilt. Brian Gregory, Michael Wallace, and Victor Fybrace, three other victims of the robbery, each identified defendant in court as one of the two men involved in the robbery. All three victims gave detailed testimony regarding specific actions taken by defendant during the robbery. In addition, Gregory identified defendant as one of the participants in the robbery from a photographic lineup presented to him by Detective Fant the night after

the robbery. In light of the evidence produced by the State and the materiality of the missing witness statements, we cannot say the trial court's denial of defendant's motion for a mistrial was an abuse of discretion. This assignment of error is overruled.

No error.

Judges HUNTER and HUDSON concur.