STATE OF NORTH CAROLINA
v.
JOSEPH THOMAS EWART, Defendant.
No. COA08-681.
Court of Appeals of North Carolina .
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Tenisha S. Jacobs, for the State.
Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.
GEER, Judge.
Defendant Joseph Thomas Ewart appeals his conviction of possession of marijuana on the premises of a penal institution or local confinement facility. Defendant primarily argues that the trial court abused its discretion by allowing the State to call defendant's cell mate as a witness despite the State's having failed to provide a witness statement prior to trial. We hold that the trial court did not abuse its discretion in declining to exclude this testimony in light of the information that was disclosed to defendant in advance of trial. Because we find defendant's remaining arguments unpersuasive, we uphold defendant's conviction.

Facts
The State's evidence tended to show the following facts. On 26 February 2007, defendant was being housed along with Richard Sciara in cell D-4, located in the "D-Pod" at the Haywood County Detention Center. At about 5:00 p.m., Officer Russell Bryson began his rounds to "make sure everybody was where they were supposed to be." When he entered D-Pod, Officer Bryson noticed the smell of marijuana and informed his superior, Sergeant Joey Trantham. The two officers searched the cells in D-Pod, including defendant's cell.
After nothing was found during the search, Officer Bryson announced that he would bring in drug-sniffing dogs if necessary to find the drugs. Soon afterward, someone "slipped" Officer Bryson a note, and Officer Bryson and Sergeant Trantham conducted a second search of the cells in D-Pod. When they entered defendant's cell, Sergeant Trantham noticed a smell like something was burning. Based on his experience, he believed it was "dope." Defendant and Mr. Sciara were both frisked and their cell was searched. In Mr. Sciara's laundry bag, Officer Bryson found a lighter and three "parcels" that contained a green substance, which looked and smelled like marijuana. They also found another lighter in defendant's sock.
Officer Bryson then called the Haywood County Sheriff's Department to inform them of what happened and took defendant to B-Pod for questioning. Defendant denied that the parcels belonged to him. While talking with defendant, Officer Bryson noticed the smell of marijuana on defendant's breath. Sergeant Trantham thought that defendant's breath smelled like either marijuana or tobacco.
When Mr. Sciara was questioned about the parcels, he told Officer Bryson that it was not his marijuana, that defendant had been smoking marijuana in their cell that day, and that defendant had tried, after the first search, in a "threatening way," to get Mr. Sciara to hide the marijuana in his body. Officer Bryson did not notice any smell of marijuana on Mr. Sciara's breath.
On 7 January 2008, defendant was indicted for possession of a controlled substance on the premises of the Haywood County Detention Center in violation of N.C. Gen. Stat. § 90-95(e)(9) (2007). At trial, in addition to both Officer Bryson and Sergeant Trantham's testifying, Deputy Dan Sherrill with the Haywood County Sheriff's Department also testified. He explained that he had responded to Officer Bryson's call to the Sheriff's Department. When he arrived, he collected the confiscated green material, bagged it, and put it into evidence. He testified  without objection by defendant  that based on his 12 years of law enforcement experience and specialized training in narcotics investigation, he had "no doubt" that the vegetable material in the parcels was marijuana.
Over defendant's objection, Mr. Sciara testified that defendant had been smoking marijuana in their cell on 26 February 2007. Mr. Sciara admitted that he "took maybe two or three puffs" that day. He also stated that after the initial search by Officer Bryson and Sergeant Trantham, defendant asked Mr. Sciara to hide the marijuana inside his person and threatened him if he did not help defendant.
Defendant did not present any evidence in his defense, and the jury convicted defendant of possessing marijuana on the premises of the Haywood County Detention Facility. The trial court sentenced defendant to a presumptive-range term of nine to 11 months imprisonment. Defendant timely appealed to this Court.

I
On appeal, defendant first argues that the trial court erred under Rule 602 of the Rules of Evidence in allowing Officer Bryson and Sergeant Trantham to testify  over defendant's objection  about matters not within their personal knowledge. Rule 602 prohibits a witness from "testify[ing] to a matter unless evidenceis introduced sufficient to support a finding that he has personal knowledge of the matter." N.C.R. Evid. 602. See also State v. Cole, 147 N.C. App. 637, 645, 556 S.E.2d 666, 671 (2001) ("The purpose of Rule 602 is to prevent a witness from testifying to a fact of which he has no direct personal knowledge."), appeal dismissed and cert. denied, 356 N.C. 169, 568 S.E.2d 619 (2002).
Specifically, defendant contends that because there was no foundation that Officer Bryson knew "the identity of the material" found in defendant's cell or knew "what marijuana smelled like," it was impermissible for Officer Bryson to testify that he found "marijuana" in defendant's cell and that "[defendant]'s breath smelled of marijuana." Defendant likewise argues that Sergeant Trantham lacked "personal knowledge of the identity of the material," and thus the trial court erred in allowing him to testify that when he entered defendant's cell, it smelled like "dope."
With respect to Officer Bryson's testimony that the material found in defendant's cell was marijuana, defendant has failed to demonstrate any prejudice resulting from the admission of this testimony in light of Deputy Sherrill's testimony that, based on his 12 years of law enforcement experience and narcotics training, he had "no doubt" that the vegetable material found in defendant's cell was marijuana. It is "well settled that the admission of testimony over objection ordinarily is harmless error when testimony of the same import is theretofore or thereafter introduced without objection." State v. Blount, 20 N.C. App. 448, 450, 201 S.E.2d 566, 568 (holding that any error in overruling objection to testimony that substance observed on table near defendant was heroin was harmless when testimony of the same import was introduced later without objection), cert. denied, 285 N.C. 86, 203 S.E.2d 59 (1974).
Similarly, defendant has failed to demonstrate prejudice from Sergeant Trantham's testimony that he smelled something like burning rags in D-pod, and "what I always figure in my ten years there when I smell it, it's usually dope." We need not decide whether Sergeant Trantham's reference to his years of experience at the detention facility provided a sufficient foundation because defendant did not object to testimony by Officer Bryson that when he entered D-pod, the "smell of marijuana would just about knock you down." This testimony was of the same import as Sergeant Trantham's more colloquial version and, therefore, rendered harmless any error as to the latter testimony.
Finally, defendant objected at trial to Officer Bryson's testimony that defendant's breath smelled of marijuana. Defendant did not, however, challenge Sergeant Trantham's testimony that he could smell "tobacco or marijuana or something on [defendant's] breath." In any event, as we have noted, Officer Bryson had previously testified, without objection, that he had smelled marijuana upon entering D-pod. The commentary to Rule 602 explains that the "[p]reliminary determination of personal knowledge need not be explicit but may be implied from the witness' testimony." N.C.R. Evid. 602, cmt. Moreover, "'personal knowledge is not an absolute but may consist of what the witness thinks he knows from personal perception.'" State v. Wright, 151 N.C. App. 493, 495, 566 S.E.2d 151, 153 (2002) (quoting N.C.R. Evid. 602, cmt.). We believe that Officer Bryson's personal knowledge of what smoked marijuana smells like can be inferred from the officer's testimony. The trial court, therefore, did not err in overruling defendant's objection.

II
Defendant next contends that the trial court committed prejudicial error by allowing Mr. Sciara to testify at trial when the State had not, prior to trial, provided defendant with any written statement summarizing the interview with Mr. Sciara in violation of N.C. Gen. Stat. § 15A-903(a) (2007). If, at any time during the proceedings, the trial court determines that the State has failed to comply with discovery provisions, then it may order discovery, grant a continuance or recess, exclude from admission evidence not disclosed, declare a mistrial, dismiss the charge, or enter other appropriate orders. N.C. Gen. Stat. § 15A-910(a) (2007). Prior to "finding any sanctions appropriate, the court shall consider both the materiality of the subject matter and the totality of the circumstances surrounding" the failure to comply with the discovery provisions. N.C. Gen. Stat. § 15A-910(b).
The trial court's decision regarding what sanction, if any, to impose is a matter within the trial court's discretion. State v. Weeks, 322 N.C. 152, 171, 367 S.E.2d 895, 906 (1988). A decision regarding discovery sanctions will not be overturned on appeal absent a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision. State v. Nolen, 144 N.C. App. 172, 184, 550 S.E.2d 783, 790, appeal dismissed and disc. review denied, 354 N.C. 368, 557 S.E.2d 531 (2001).
When Mr. Sciara was called to testify, defense counsel objected to him testifying at all on the ground that the State had failed to produce a witness statement. In response, the prosecutor acknowledged that no witness statement had been provided to defendant, explaining that, inadvertently, no witness statement had been drafted. The prosecutor argued, however, that an incident report provided to defense counsel had reported that Mr. Sciara told Officer Bryson that defendant had threatened Mr. Sciara after the initial search on 26 February 2007 if he did not help defendant hide the marijuana. The prosecutor contended that Mr. Sciarashould, at least, be permitted to testify regarding the threat. Defense counsel argued that even if Mr. Sciara were allowed to testify, he should not be allowed to "testi[fy] about marijuana being smoked in the room, because today is the first time I've heard that." The trial court overruled defense counsel's objection and allowed Mr. Sciara to testify without limitation.[1]
Assuming that there was a discovery violation, we cannot conclude that the trial court abused its discretion in allowing Mr. Sciara to testify. This Court, in State v. Zamora-Ramos, ___ N.C. App. ___, ___, 660 S.E.2d 151, 154 (2008) (quoting State v. Payne, 327 N.C. 194, 202, 394 S.E.2d 158, 162 (1990), cert. denied, 498 U.S. 1092, 112 L. Ed. 2d 1062, 111 S. Ct. 977 (1991)), reiterated: "'[T]he purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence he cannot anticipate.'" In this case, the parties at trial focused on two aspects of Mr. Sciara's anticipated testimony: (1) his claim that defendant threatened him if he did not help hide the marijuana, and (2) his claim that defendant was smoking marijuana in their cell.
It is undisputed that defendant did receive notice through an incident report disclosed in discovery that Mr. Sciara had been interviewed and that he had mentioned the threat in that interview. Defendant thus could have anticipated that Mr. Sciara would testify that the marijuana belonged to defendant and that defendant had threatened him about hiding the marijuana. See State v. Jones, 151 N.C. App. 317, 325, 566 S.E.2d 112, 118 (2002) (holding that, although State's failure to disclose photographs was discovery violation, defendant had prior notice of photographs and thus was "not surprised by the introduction of the photographs at trial"; trial court's refusal to impose sanctions was reasonable in light of defendant's prior notice), appeal dismissed and disc. review denied, 356 N.C. 687, 578 S.E.2d 320, cert. denied, 540 U.S. 842, 157 L. Ed. 2d 76, 124 S. Ct. 111 (2003).
In addition, defendant knew that the officers believed that they had smelled marijuana burning when they entered defendant's pod and, further, that they had smelled marijuana on defendant's breath, but had not smelled marijuana on Mr. Sciara's breath. The officers had also found a lighter in defendant's sock. As a result, even without a statement from Mr. Sciara, defendant knew he needed to be prepared at trial to defend against the claim that he had been smoking marijuana in his and Mr. Sciara's cell. Because of this knowledge, the trial court could have reasonably determined that defendant could not have been surprised that Mr. Sciara would take the position that it was defendant who was smoking the marijuana. Defendant was able to defend against this testimony on cross-examination by walking through Mr. Sciara's criminal record, by stressing that he had also smoked the marijuana, and by pointing out that Mr. Sciara was not telling the truth when he asserted that he did not smoke marijuana in his cell.
Defendant does not, on appeal, identify anything further that he could have done in preparation for Mr. Sciara's testimony had he received a written summary of Mr. Sciara's interview. Instead, he argues that Mr. Sciara's testimony prejudiced him by providing direct evidence that defendant possessed marijuana. That direct evidence was, however, supplied when Mr. Sciara testified that defendant threatened Mr. Sciara if he did not help defendant by hiding the marijuana in Mr. Sciara's person. Yet, defendant acknowledges that he had received notice of that claim and was not, therefore, surprised by it.
Under these circumstances, we cannot conclude that the trial court abused its discretion when concluding that defendant was not sufficiently surprised to warrant exclusion of Mr. Sciara's testimony. See State v. Jaaber, 176 N.C. App. 752, 756-57, 627 S.E.2d 312, 314-15 (2006) (finding no abuse of discretion in trial court's denial of discovery sanctions where defendant was able to cross-examine witnesses for whom there were no witness statements and State presented other evidence of defendant's guilt). Accordingly, we overrule this assignment of error.

III
Defendant also assigns error to the trial court's denial of his motion to dismiss for insufficient evidence. In determining whether a motion to dismiss for insufficiency of the evidence should be granted, the trial court must decide "whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." State v. Mann, 355 N.C. 294, 301, 560 S.E.2d 776, 781, cert. denied, 537 U.S. 1005, 154 L. Ed. 2d 403, 123 S. Ct. 495 (2002).
In reviewing challenges to the sufficiency of the evidence, the evidence must be viewed in the light most advantageous to the State, giving the State the benefit of all reasonable inferences. State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993). Contradictions and discrepancies in the evidence do not warrant dismissal, but are for the jury to resolve. State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992).
Defendant was charged with possessing marijuana on the premises of a penal institution or local confinement facility in violation of N.C. Gen. Stat. § 90-95(e)(9). Under the statute, the State is required to prove that the defendant (1) possessed, (2) a controlled substance, (3) on the premises of a penal institution or local confinement facility. N.C. Gen. Stat. § 90-95(e)(9) ("Any person who [possesses a controlled substance] on the premises of a penal institution or local confinement facility shall be guilty of a Class H felony."). Defendant only challenges the sufficiency of the evidence relating to the second element, arguing that "[t]he evidence presented that the material found in Mr. Sciara's personal property was `marijuana' was sufficient only to permit suspicion or conjecture."
Deputy Sherrill, however, testified on direct examination, without objection from defendant, that the substance in the discovered parcels was marijuana. He further stated on re-direct, again without objection, that based on his "training and experience," he had "no doubt" that the substance was marijuana. Unchallenged by defendant, this testimony was sufficient to permit the jury to reasonably conclude that the substance was marijuana. Consequently, the trial court properly denied defendant's motion to dismiss.
No Error.
 Judges McGEE and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] Defendant argues that the trial court mistakenly believed that there was no discovery violation because Mr. Sciara had not adopted any written statement. Our review of the transcript does not suggest that the trial court misapprehended the law. Rather, we believe that the trial court, in referencing a written statement, was simply discussing the issue in the same terms used by both the prosecutor and defense counsel.