STATE OF NORTH CAROLINA v. LO-REN ROBERT ELLIS

No. COA09-869

(Filed 20 July 2010)

**1. Appeal and Error— preservation of issues—constitutional arguments not raised at trial**

Defendant in a robbery with a dangerous weapon case did not preserve for appellate review his argument that the trial court violated his constitutional rights by denying his motion to continue. Defendant failed to raise at trial the arguments that he was denied due process and effective assistance of counsel by the trial court's denial.

**2. Continuances— discovery violations—no abuse of discretion**

The trial court in a robbery with a dangerous weapon case did not abuse its discretion by denying defendant's motion to continue based on grounds that the State failed to comply with discovery statutes by not providing defendant with notice of a witness's identification of defendant. The trial court's ruling was not so arbitrary that it could not have been the result of a reasoned decision. Furthermore, based upon abundant other admissible evidence of defendant's identity as the robber, defendant was unable to show that he was prejudiced by the admission of the witness's in-court identification.

**3. Discovery— notice of new evidence—motion for mistrial denied—no abuse of discretion**

The trial court in a robbery with a dangerous weapon case did not abuse its discretion in denying defendant's motion for a mistrial based on grounds that the State failed to comply with discovery statutes by not providing defendant with notice of a witness's identification of defendant. The State offered abundant other admissible evidence of defendant's identity as the robber and defendant was unable to show that he was prejudiced by the admission of the witness's identification.

**4. Identification of Defendants— in-court identification—motion to strike—argument waived**

Defendant waived his argument in a robbery with a dangerous weapon case that the trial court erred in denying his motion to strike a witness's in-court identification of defendant as the

STATE v. ELLIS

[205 N.C. App. 650 (2010)]

robber. Defendant failed to make a motion to strike the in-court identification during the witness's testimony.

Appeal by defendant from judgment entered 7 January 2009 by Judge D. Jack Hooks, Jr. in Moore County Superior Court. Heard in the Court of Appeals 9 December 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Kimberley A. D'Arruda, for the State.*

*Paul F. Herzog for the defendant-appellant.*

STEELMAN, Judge.

Constitutional issues, which are not raised and ruled upon at trial, will not be considered for the first time on appeal. Thus, defendant has not preserved the issue of whether the denial of his motion to continue violated his constitutional rights. The trial court did not abuse its discretion in denying defendant's motion to continue the trial of the case. Defendant is unable to show that he was substantially and irreparably prejudiced by the admission of Walls' in-court identification; thus, the trial court did not abuse its discretion in denying defendant's motion for a mistrial. When a defendant seeks to challenge an in-court identification, a motion to strike must be made when the answer is given or the motion to strike will be deemed untimely.

## I. Factual and Procedural Background

On 22 March 2006, Kristin Walls (Walls) was working as a cashier at Foxfire General Store (Store) in Moore County, North Carolina. At about ten minutes before 8:00 p.m., a young, African-American male (the "robber") entered the Store, pointed a gun, and asked for money. Walls had previously taken the money out of the cash register so she pointed in the direction of the office. The robber pushed Walls toward the office while pointing the gun at her head. Walls handed him a wooden box, which contained coin rolls and a gray metal box, which contained currency. The robber told Walls to open the back door. She unlocked the door, and the robber left. Walls locked the door and called 911. The entire incident lasted about five minutes.

When the police arrived, Walls described the robber as wearing a gray and black camouflage bandanna over his mouth, a black knit cap, a black shirt, and baggy blue jeans. She further advised that the robber had a silver pistol. He was approximately six feet tall. On 23

March 2006, Walls gave police a written statement, in which she reiterated her description of the robber but added that he was "soft spoken" and "skinny."

On 26 March 2006, William Talley found the stolen metal cash box near Foxfire and Tie Roads, and returned it to the Store. The metal box was still locked and contained $72.00. Police searched the area but found nothing further. On 27 March 2006, police conducted another search of the area with the Store owners. They found the wooden box, a black knit cap, a gray and black camouflage bandanna, and a pink lighter. On 29 March 2006, all the items were sent to the State Bureau of Investigations (SBI) Lab for analysis.

On 6 April 2006, Walls met with Chief of Police for Foxfire Village, Michael Campbell (Chief Campbell), and helped him develop a composite sketch of the robber. Approximately one year later, Chief Campbell received a letter from the SBI Lab, stating "there was a possible match of DNA that had been located on the black knit cap." In July 2007, a search warrant was served on Lo-Ren Robert Ellis (defendant) to obtain a DNA sample.

On 4 February 2008, defendant was indicted for robbery with a dangerous weapon. Defendant was tried before a jury at the 5 January 2009 Criminal Session of Moore County Superior Court.

On the morning of trial, Walls saw defendant enter the courtroom and informed the prosecutor that she recognized defendant as the robber. Walls testified that the Store was very well-lit, and she had no difficulty seeing the person who robbed the Store. She further testified that she saw the same person in the courtroom. Defendant objected, and the trial court conducted a *voir dire* hearing. Defendant argued that the identification was suggestive, subjective, and prejudicial. The trial court overruled defendant's objection. Walls then identified defendant as the robber before the jury.

Following a lunch recess, defendant made a motion to continue the trial of the case in order to obtain an expert witness on identification. The trial court denied the motion.

Special SBI Agent Michelle Hannon (Agent Hannon), who performs DNA analysis at the SBI Lab, testified that the predominant DNA profile obtained from the black nylon cap matched the DNA profile of defendant. Agent Hannon testified that defendant's DNA was compared with SBI's population database, which consists of approximately one thousand North Carolina residents who have classified

**STATE v. ELLIS**

[205 N.C. App. 650 (2010)]

themselves as being either Caucasian, African-American, Lumbee Indian, or Hispanic. The purpose of the database is to determine how common or rare a genetic profile is "in the population or the likelihood of finding somebody else with that genetic profile." The purpose is not to prove guilt or innocence, but it "gives a statistical weight to the evidence at hand."

Agent Hannon testified that the DNA obtained from the black nylon cap was 3.29 thousand trillion times more likely to be that of defendant than an unrelated Caucasian individual; 16.6 thousand trillion times more likely to be that of defendant than an unrelated African-American individual; 1.01 thousand trillion times more likely to be that of defendant than an unrelated Lumbee Indian individual; and 82.6 thousand trillion times more likely to be that of defendant than an unrelated Hispanic individual. Agent Hannon further testified that defendant's DNA could be excluded as a contributor to the DNA obtained from the bandanna.

At the close of the State's evidence, defendant made a motion for a mistrial and moved to strike Walls' in-court identification of defendant as the robber. The trial court denied both motions. The jury found defendant guilty as charged. The trial court found defendant to be a prior record level IV for felony sentencing purposes and sentenced defendant to an active prison term of 117 to 150 months.

Defendant appeals.

## II.  Motion to Continue

[1]  In his first argument, defendant contends that the trial court erred by denying his motion to continue the trial of the case. Defendant argues that he was denied due process and effective assistance of counsel, and that the State violated discovery statutes. We disagree.

### A.  Standard of Review

This Court reviews a trial court's denial of a motion to continue for abuse of discretion. *State v. Russell,* 188 N.C. App. 625, 627, 655 S.E.2d 887, 889 (2008). A trial court abuses its discretion when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision. *State v. Moore,* 152 N.C. App. 156, 161, 566 S.E.2d 713, 716 (2002) (citations and quotations omitted).

### B.  Constitutional Violations

We first address whether defendant properly preserved this issue for appellate review. Defendant argued at trial that the State had not

given him notice that Walls would be able to identify defendant as the robber, and he asked for a continuance to obtain an expert witness on identification.

"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1) (2010). Constitutional issues, which are not raised and ruled upon at trial, will not be considered for the first time on appeal. *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001). In *State v. Sharpe*, our Supreme Court recognized "that where a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount in the [reviewing court].' " 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)).

In support of his motion to continue, defense counsel stated:

And Ms. Walls told the district attorney's office that she would be able to identify whoever it was and the fact that we had never gotten notice that she had made that statement, we would ask for a continuance in order to obtain an expert on cross racial identification, identification under stress, et cetera.

Defense counsel further referred to an objection, which he had previously made during an in-chambers conference. The trial court clarified for the record that the in-chambers conference concerned whether Walls had previously identified defendant in any photographs or line-ups. The trial court then ruled that the "motion to continue for the purpose of seeking experts is denied."

Defendant's argument to the trial court was limited to the issue of obtaining an expert witness on identification. Nowhere in his motion to continue did defendant contend that his constitutional rights were violated or implicated. Pursuant to our Rules of Appellate Procedure, defendant has not preserved the issue of whether the denial of his motion to continue violated his constitutional rights.

This argument is dismissed.

### C. Discovery Violations

[2] Defendant next argues that the trial court erred by denying his motion to continue on the grounds that the State failed to comply

with N.C. Gen. Stat. §§ 15-903 and 15-907 by not providing defense counsel with notice of new evidence.

Defendant's rights to discovery are statutory. Constitutional rights are not implicated in determining whether the State complied with these discovery statutes. "There is no general constitutional or common law right to discovery in criminal cases." *State v. Haselden,* 357 N.C. 1, 12, 577 S.E.2d 594, 602 (citations omitted), *cert. denied,* 540 U.S. 988, 157 L. Ed. 2d 382 (2003). Discovery in a criminal case is governed by Chapter 15A, Article 48 of the North Carolina General Statutes. "[T]he purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence he cannot anticipate." *State v. Payne,* 327 N.C. 194, 202, 394 S.E.2d 158, 162 (1990) (citations omitted), *cert. denied,* 498 U.S. 1092, 112 L. Ed. 2d 1062 (1991). "[O]nce a party, or the State has provided discovery there is a continuing duty to provide discovery and disclosure." *State v. Blankenship,* 178 N.C. App. 351, 354, 631 S.E.2d 208, 210 (2006) (citing N.C. Gen. Stat. § 15A-907).

In the instant case, defendant requested voluntary discovery pursuant to N.C. Gen. Stat. § 15A-903. The State provided voluntary discovery and filed a Discovery Disclosure Certificate. Defendant acknowledges that the State provided him with a copy of Walls' pretrial written statement. However, defendant argues that the State violated its continuing duty to disclose additional evidence because the prosecutor never informed defense counsel of Walls' statement on the morning of trial that she recognized defendant as the robber.

N.C. Gen. Stat. § 15A-910 governs the regulation of discovery in criminal cases and empowers a trial court to apply sanctions for noncompliance, including granting a continuance, upon a party's failure to comply with this Article. *State v. Hodge,* 118 N.C. App. 655, 657, 456 S.E.2d 855, 856 (1995) (citing N.C. Gen. Stat. § 15A-910). "Although the court has the authority to impose such discovery violation sanctions, it is not required to do so." *Id.,* 456 S.E.2d at 856-57. (citations omitted). " 'The sanction for failure to make discovery when required is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion.' " *Id.,* 456 S.E.2d at 857 (quoting *State v. Herring,* 322 N.C. 733, 747-48, 370 S.E.2d 363, 372 (1988)). "N.C. Gen. Stat. § 15A-910 . . . does not require the trial court to make specific findings on the record that it considered sanctions before determining not to impose sanctions." *State v. Jones,* 151 N.C. App. 317, 325, 566 S.E.2d 112, 117 (2002), *appeal dismissed and*

*disc. review denied,* 356 N.C. 687, 578 S.E.2d 320, *cert. denied,* 540 U.S. 842, 157 L. Ed. 2d 76 (2003).

In the instant case, the transcript demonstrates the trial court properly considered the circumstances surrounding Walls' in-court identification. After Walls testified that she saw the robber in the courtroom, the trial court conducted a *voir dire* hearing to determine the admissibility of Walls' in-court identification. When defendant later moved for a continuance, the trial court reiterated part of the in-chambers discussion:

> I asked whether there was anything in discovery that had addressed this issue other than what had been testified to, that she had not I.D.'d from any lineups or photographs, as I recall the discussion, and asked if there was anything further, and I think [the prosecutor] indicated that she told him this morning that she would be able to identify him.

The above statements indicate that the trial court did not make an arbitrary decision in denying defendant's motion to continue. The trial court inquired as to when the prosecutor learned that Walls would identify defendant and as to what discovery was given to defendant. The prosecutor only learned that Walls recognized defendant as the robber on the morning of trial. Defendant was provided with copies of Walls' pre-trial written statement and the composite sketch, which showed the robber's eyes and nose.

Based on the pre-trial written statement and the composite sketch, defendant could have anticipated that Walls would be able to identify him as the robber. Walls testified that her identification was based on her recollection of the robbery, and she had not seen defendant, or any pictures of defendant, since the night of the robbery. Walls further testified that the Store was very well-lit on the night of the robbery, and she was able to observe defendant for about five minutes. On the night of the robbery, she gave police a description of the robber and later gave the same description in her pre-trial written statement. There is no evidence that anyone improperly suggested to Walls that defendant was the robber. Walls testified, "I am one hundred percent positive that that is him, yes."

We also note that defendant had a full opportunity at trial to cross-examine Walls concerning her description of the robber. Defense counsel questioned Walls on the number of times the bandanna slipped, her state of fear during the robbery, her ability

to recognize the robber's face, and her desire to "get even." When defense counsel asked Walls if there were other African-American males in the courtroom that Walls could have confused defendant with, she responded:

> In the courtroom, no. There were probably—what, two or three dozen sitting outside before we came in. I knew none of them were him. I didn't know if he would be brought in afterwards; I didn't know if he would be waiting outside. I know without a doubt, as soon as I saw him sitting there, that that was the gentleman, though, yes.

Defense counsel further questioned Walls as to the accuracy of the composite sketch and whether she had any difficulty in identifying defendant as the robber. *See State v. Jaaber*, 176 N.C. App. 752, 627 S.E.2d 312 (2006) (holding the trial court did not abuse its discretion in denying defendant's request for discovery sanctions given that defendant was able to cross-examine the witnesses, and in light of other evidence presented by the State).

We cannot say that the trial court's ruling was so arbitrary that it could not have been the result of a reasoned decision. We hold that the trial court did not abuse its discretion in denying defendant's motion to continue the trial of the case.

Even in the absence of Walls' in-court identification of defendant, the State had abundant other admissible evidence of defendant's identity as the robber. The DNA evidence obtained from the black knit cap was an extremely high match to defendant's DNA. Agent Hannon testified that the DNA obtained from the cap was over a thousand trillion times more likely to be that of defendant than another individual. During her testimony, Walls again described the robber and testified without objection that his bandanna slipped down entirely so she "could see the entire face and he kept pulling it back up with one hand." The State also submitted Walls' pre-trial written statement describing the robber and the composite sketch of the robber's likeness. Chief Campbell testified that Walls "picked out the certain nose that she had remembered seeing," and the sketch showed "some type of bandanna . . . or covering over the *mouth* area." The composite sketch thus included both the robber's eyes and nose.

"A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been com-

mitted, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443 (2009); *see State v. Banks*, 322 N.C. 753, 762, 370 S.E.2d 398, 404 (1988). Based upon the abundant other admissible evidence of defendant's identity as the robber, defendant is unable to show that he was prejudiced by the admission of Walls' in-court identification, or that a different result would have occurred at trial absent Walls' in-court identification.

This argument is without merit.

### III. Motion for Mistrial/Request to Strike Testimony

In his second argument, defendant contends that the trial court erred by denying his motion to declare a mistrial and to strike Walls' in-court identification of defendant as the robber. We disagree.

### A. Motion for Mistrial

[3] Defendant moved for a mistrial at the close of the State's evidence. A trial court "must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2009). "Whether or not to declare a mistrial is a matter within the sound discretion of the trial court, and its ruling will not be disturbed on appeal absent a gross abuse of such discretion." *State v. Bidgood*, 144 N.C. App. 267, 273, 550 S.E.2d 198, 202 (2001) (citing *State v. Lyons*, 77 N.C. App. 565, 335 S.E.2d 532 (1985)), *cert. denied*, 354 N.C. 222, 554 S.E.2d 647 (2001).

Defendant argues that he "suffered substantial and irreparable prejudice" due "to the prosecutor's non-disclosure of critical new information." The basis of this argument is that the State violated statutory discovery rules, which is the same as the argument made by defendant in Section II(C), *supra*. In his brief, defendant incorporates the same arguments and authorities set forth in his previous argument. As noted previously in Section II(C)(2), *supra*, the State had abundant other admissible evidence of defendant's identity as the robber. Defendant is thus unable to show that he was substantially and irreparably prejudiced by the admission of Walls' in-court identification, or that a different result would have occurred at trial absent Walls' in-court identification. We hold that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

This argument is without merit.

MAI v. CAROLINA HOLDINGS, INC.

[205 N.C. App. 659 (2010)]

### B. Motion to Strike

[4] "Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record." N.C. Gen. Stat. § 8C-1, Rule 103(a)(1) (2009). "Where the defendant seeks to challenge an in-court identification, a motion to strike an incompetent answer must be made when the answer is given." *State v. McCray*, 342 N.C. 123, 127, 463 S.E.2d 176, 179 (1995) (citations omitted). "A motion to strike will therefore be deemed untimely if the witness answers the question and the opposing party does not move to strike the response until after further questions are asked of the witness." *Id.* (citing *State v. Lewis*, 281 N.C. 564, 569, 189 S.E.2d 216, 219, *cert. denied*, 409 U.S. 1046, 34 L. Ed. 2d 498 (1972)).

In the instant case, defendant did not make a motion to strike the in-court identification during any portion of Walls' testimony. Defendant's motion to strike at the close of the State's evidence was untimely, and this argument is deemed waived. *Stimpson Hosiery Mills v. Pam Trading Corporation*, 98 N.C. App. 543, 550, 392 S.E.2d 128, 132, *disc. review denied*, 327 N.C. 144, 393 S.E.2d 909 (1990).

This argument is dismissed.

NO ERROR.

Judges McGEE and STEPHENS concur.